FRANCIS S. DRAKE *v.* SAMUEL DODSWORTH.

*Error from Leavenworth County.*

Where the record shows the filing of a bill of exceptions to an order of a
    judge of the district court in vacation, refusing to grant a temporary in-
    junction more than ten days after the order, but shows that the bill was
    indorsed at the time of the presentation thereof to the judge for allow-
    ance, over the signatures of the opposing attorneys, "We consent to
    within bill of exceptions," *held* that the irregularity of not filing in time
    was thereby waived.

The office of clerk of district court is the legal depository of its records, and there they should be kept. It is not lawful for original papers to be sent to the Supreme Court; but where the record is certified to as a true transcript, that court is bound to treat it as such.

The defendant, having made his written bill of sale of "The Kansas Book Bindery," in Leavenworth, and "all his right, title and *good will* to the above," to some extent divested himself of his otherwise perfect liberty to carry on or work at the business in the same city. He could not use the old name, and relinquished any advantage resulting from its previous character.

*Held,* that evidence that, at the time of said sale, the defendant further agreed, in parol, to refrain thereafter from carrying on or working at the business of a book binder in the city, could not be received to enlarge the written contract, on an application for a temporary injunction to restrain defendant from engaging in the business of a book binder therein; and that the judge did not err in refusing the injunction.

The opinion hereto appended contains a statement of the facts of the case.

*Hemingray & Fitzwilliam,* for plaintiff in error.

*Clough & Wheat,* for defendant in error.

For plaintiff in error, it was submitted:

1. The bill of exceptions was assented to by defendant, whose substantial rights are not affected by the allowance of the bill by the court. *Case* v. *Hannahs,* 2 *Kas.,* 496; *Small* v. *Douthitt,* 1 *id.,* 335; *Koehler* v. *Ball,* 2 *id.,* 171; *Lannon* v. *Clavin,* 3 *id.,* 17; 10 *O. S.,* 236; 13 *id.,* 281.

2. But no error appears. *Civ. Code,* §§ 300–1–2–3.

3. It was competent for the parties to make a valid contract of purchase and sale of the defendant's book bindery, together with the "good will" thereof. *Story on Partnerships,* § 99; 3 *Kent.,* 76, *and notes; Story's.*

*Eq.* § 95, 722–29 ; *Smith's Mer. L.*, 252 ; 1 *Maddock's Ch.*, 163 ; *Crutwell* v. *Lye*, 17 *Vesey*, 342 ; *Howe* v. *Searing*, 6 *Boswth.*; *Hovendon on Frauds, part II*, 65 ; *Story on Sales*, § 187 ; *Fry on Spec. Per. of Cont.*, \*17 ; *Bunn* v. *Guy*, 4 *East.*, 190 ; 3 *Parsons on Conts.*, *2d ed.*, 130 ; *Addison on Conts.*, \*99.

4. The defendant having sold to plaintiff his establishment and the "good will" thereof, cannot afterwards establish the same business, so sold, in the same house, without the express permission of plaintiff. *Story on Part.*, § 99 ; 3 *Kent*, 76, *notes ;* 4 *Sand. Ch.*, 379 ; *Story's Eq.*, §§ 722, 729, 951 ; 1 *Maddock*, \*163 ; *Crutwell* v. *Lye*, 17 *Vesey*, 342 ; 6 *Boswth.*, 354 ; 2 *Hovenden on Frauds*, \*65 ; 13 *M. & W.*, 695 ; *Smith's L. Cas.*, \*172 ; *Parson's Sel. Cas.*, 282, 299, 303.

5. It was competent for the parties to contract in parol that the defendant would not carry on, conduct or work at the trade of a book binder, in any of its branches, in the city of Leavenworth; such a restraint of trade not being unreasonable, because confined to but a small district, compared with the whole state and the United States. 1 *Peere Williams*, 181 ; 1 *Smith's L. Cas.*, \*172 ; *Story's Eq.*, § 292 ; *Chitty on Cont.*, \*580 ; *Collyer on Part.*, § 161 ; 4 *Bibb*, 486 ; 11 *M. & W.*, 652 ; 16 *Ver.*, 176 ; 13 *How.*, 234 ; 2 *Parson's Cont. (5th ed.)*, 747, *and notes ;* 7 *Black.*, 344 ; 6 *Ind.*, 200 ; 1 *id.*, 484 ; 2 *O. St.*, 519 ; 11 *id.*, 349 ; 11 *Ind.*, 70 ; 3 *O. St.*, 274 ; 43 *Eng. Ch.*, 383 ; 10 *N. Y.*, 241 ; 7 *Cow.*, 307 ; 21 *Wend.*, 157, 165 ; 5 *Dura & E.*, 118.

6. It was competent for the defendant to agree in parol in restraint of trade within specified reasonable limits, and to so agree contemporaneously with and in addition to the contract in writing, the contracts not relating to the same subject matter. 11 *M. & W.*, \*665 ;

*Sharshwood's Starkey,* *722–3; 2 *Starkey* (*part* 1), *788–9; 6 *Pick.,* 206; 3 *Clark* (*Iowa*), 74; 19 *U. S. Dig.,* 292, § 691–9; *id.,* 396, §805; 1 *Foster* (*N. H.*), 224; 4 *M. & W.,* 140; 2 *Abb. Dig.* (*Ev.*); §§797, 840, 842, 843–6, 856, 863, 896, 908–9; 11 *Cush.,* 44; 3 *E. D. Smith,* 305.

7. The affidavit, taken before petition filed, was properly admitted in evidence. *Pindar* v. *Black,* 4 *How. Pr.,* 95.

*Clough & Wheat,* for defendant, submitted:

1. With reference to that part of the transcript in this case, which purports to be a copy of a bill of exceptions, we submit that this court cannot look at or consider it as a part of the record, because section 1, page 130, laws of Kansas, 1865, requires a bill of exceptions on orders made in vacation to be "signed and filed within ten days after making the order." This bill of exceptions was not signed or filed till the 3d day of September, 1866, over thirty days after the order was made refusing to grant the injunction. As a bill of exceptions, it is void, and cannot be considered. *Gallaher & Crawford* v. *Southwood,* 1 *Kas.,* 143; *Brown* v. *Rhodes,* 1 *Kas.,* 359; *Busby* v. *Finn,* 1 *O. S.,* 409; *Kline & Berry* v. *Wynne, Haynes & Co.,* 10 *O. St.,* 223; *Morgan* v. *Boyd,* 13 *O. S.,* 271.

On an order of a judge in vacation, a "case made" must be made within ten days from the time of making the order. *See* §§ 1, 2, 3, *of rule* 16 *of this court; Laws* 1865, *p.* 132, § 2, *and cases above cited.*

Section 3 of rule 16, above cited, only authorizes the district court to extend the time for making a case, which could, of course, only be done whilst the court was in session—and as judges in vacation are not men-

tioned in this connection, in said section 3, in view of the legal maxim, " *Expressio unius est exclusio alterius*," it is evident to us, that it was not the intention of this court to allow judges in vacation to extend the time of making a case.

The papers which are found attached to the transcript, before the petition, we submit, cannot be considered as a part of the record in the case, because, 1. They do not purport to be a part of any bill of exceptions or case made, but merely an affidavit, which, as such, cannot be considered. (1 *Kas.*, 303, 308, *and cases there cited.*) 2. The law requires that a transcript shall be filed in this court (*Laws* 1865, *p.* 132, § 2), and we do not understand that it is even claimed, that these papers are copies or transcripts of anything. 3. Should the court, however, be of the opinion that it can inquire into any of the alleged errors in the action of the judge below, it is submitted :

The plaintiff alleges that the defendant made an agreement in writing. Plaintiff also alleges that defendant, prior to, and at the time of making said writing, made certain statements and agreements, orally. Upon these allegations, plaintiff seeks to enjoin defendant from carrying on, conducting, or working at the business of a book binder, in the city of Leavenworth, and especially upon Third street, in said city.

The plaintiff does not seek to rescind the written agreement ; on the contrary, he shows himself that he retains, and desires to retain, what he received in pursuance thereof—but he desires, by parol evidence, to add further provisions to said written contract.

*a.* Parol evidence is not competent to vary a written agreement. 30 *N. Y.*, 493 ; 5 *Denio*, 514 ; 2 *Kernan*,

561; 2 *Selden*, 33 ; 14 *Wend.*, 26 ; 15 *Ill.*, 57, 413 ; 9, *Cow.*, 747 ; 2 *Phillips on Ev.*, *p.* 666, *and cases there cited, and p.* 698, *note* 508 ; 8 *Johns.*, 190 ; 1 *Denio*, 401 ; 3 *Denio*, 512.

*b.* A contract cannot be partly in writing and partly in parol. 13 *Ill.*, 689 ; 34 *Maine*, 93; 14 *Ind.*, 499 ; 35 *Maine*, 368 ; 15 *Ind.*, 59 ; 17 *Mass.*, 571 ; 22 *Ind.*, 171–7 ; 4 *Dallas*, 340 ; 30 *Mo.*, 130 ; 6 *Conn.*, 14 ; 12 *East.*, 6 *to* 11; 1 *Greenl. on Ev.*, § 275 ; 16 *Iowa*, 321; 1 *Johns. Ch.*, 283.

*c.* The written contract between plaintiff and defendant took the place of all prior writings, if there had been any, and of all contemporaneous as well as prior verbal agreements about said matter—all inducements to, and understandings about the matter, were merged in the written contract. (2 *Kernan*, 561; 37 *Maine*, 351; 1 *Peters*, 598, *and cases cited.*) We claim therefore, that the rights of the parties are to be determined by the law applicable to said written agreement, and that defendant may do anything he has not parted with the right to do, by said written contract.

*d.* That the plaintiff, or any other person, could legally and rightfully have set up the book bindery business under the name of "The Leavenworth Book Bindery," at the place where defendant is now engaged in the business, or at any other place, if the defendant had not made the sale, or agreements, mentioned in the petition, provided the place could have been obtained by lease, or otherwise, in which to carry on the business, we will consider a self-evident proposition. By the sale of, and agreement about, "good will," the plaintiff merely acquired such rights thereto as defendant had before making the sale. By selling the "good will," the defendant, by implication of

law, gave to Drake Brothers the rights which he before had in relation thereto, Dodsworth thereby putting himself in the same position as any third party, about the matter of such good will. The rights, thus transferred, were, among other things, the right of the owner of such good will to have and enjoy the same unmolested, and for an infringement of which right, Dodsworth, before the sale, and Drake Brothers, or plaintiff, since the sale, are entitled to any appropriate remedy—in a proper case, an injunction.   3 *Abbott's Digest*, *p.* 375, § 255 ; 3 *Abbott's Digest*, *p.* 372, §§ 228, 229, 230, 231 *and* 226 ; 2 *Gray*, 379.

*e.* But to entitle plaintiff to the remedy of injunction against carrying on book binding, because of any rights of plaintiff to the "good will" of the "Kansas Book Bindery," the plaintiff must allege and show an infringement of such rights, which could only be done by showing that defendant was, by deception, inducing people to do business at his bindery, on the supposition that they were transacting business at the bindery of plaintiff. The ownership of such "good will" is not sufficient to prevent defendant entering into competition with plaintiff for patronage in the same business, nor is the sale of such "good will" by defendant to plaintiff, sufficient to prevent him from competing with plaintiff for such patronage, he not having made any agreement not to engage in such business—Dodsworth's sale of the "good will" of the "Kansas Book Bindery," so far as restraint of trade is concerned, being only an implied agreement not to do anything which would prevent Drake Brothers from enjoying such good will. *Hopkins's Chancery*, 347 ; 8 *Paige*, 75 ; 17 *Vesey*, 335.

*f.* No contract in restraint of trade is implied from

the mere sale of a "good will." *Beard* v. *Dennis*, 6 *Ind.*, 203, *and cases last above cited.*

*g.* As by this written contract, Dodsworth sold the "good will" of the "Kansas Book Bindery," we submit that he thereby, impliedly, as part of the contract of sale, by agreement, placed himself in the same position as any third person, with reference to entering into the same business—thus, by implication of law, agreeing not to prevent his vendees, or plaintiff, from enjoying the "good will" to the same extent that he, Dodsworth, before had a right to the unmolested enjoyment of it as against other persons. This written agreement, then, did, to a certain extent, by implication of law, include an agreement to carry on the book bindery business. The contract was made in relation to restraint, &c. This would certainly prevent parol evidence from being admissible to prove any contract in restraint of trade, and would merge all prior written contracts, prior and contemporaneous parol agreements, in this written contract. 2 *Kern.*, 561; 1 *Pet.*, 598, *and cases cited.*

*h.* Parol evidence is no more competent to contradict things implied from an agreement, than to contradict its express terms. 9 *Cowen*, 747; 2 *Selden*, 33; 37 *Maine*, 351.

*i.* The written contract shows that the consideration given by Dodsworth for the $2,400 paid him by Drake Bros., was certain property composing what was known as the "Kansas Book Bindery" and the "good will." This writing cannot be contradicted or varied by parol evidence, so as to show that said property and good will were not the true consideration, but that such consideration included an agreement, as to restraint of trade, &c., as alleged in plaintiff's petition. 7 *Johns.*,

341 ; 1 *Johns.*, 139 ; 4 *Cow.*, 431 ; *Ed. on Bills*, 148 *and* 315, *and note* 7.

*j.* A contract in partial restraint of trade, to be obligatory, must be founded upon a valuable consideration. (2 *Ohio*, 519 ; 1 *Smith's L. Cás.*, *part* 2, *p.* 516.) It follows, therefore, that the petition does not state facts sufficient to constitute a cause of action ; at least, plaintiff does not show facts sufficient to constitute a cause of action, by competent testimony, and therefore the injunction was properly refused.

*k.* But even if the parties are not bound by the terms of their written agreement, and even if the plaintiff can, by parol evidence, add terms to the contract aforesaid, and can be allowed to show by parol a further contract, yet we still claim the injunction was properly refused. There is a conflict of testimony. We claim, therefore, as the burden of proof is upon the plaintiff, and as the evidence was conflicting as to whether the alleged representations and agreements of defendant were actually made by him, that this court ought not to overrule the decision and findings of the judge below.

*l.* By comparing the date of the jurat to the affidavit of Samuel Drake, with the date of the filing of the petition in this cause, it will be seen that his affidavit was made eight days before any suit was commenced. And as an affidavit not taken in a suit is void, this affidavit amounts to nothing, and ought not to be considered by this court. 3 *Daniels Chan. Pl. & Prac.*, 1774–5, 1890 ; *Perkins 1st American Edition*, 3*d Amer. Ed.*, 1770 ; 1 *Mich.*, 115 ; 2 *Cow.*, 509 ; 4 *Hill*, 19 ; 11 *Mich.*, 456 ; 1 *Abbott's N. Y. Dig.*, 53, §56, *and cases there cited.*

*By the Court,* KINGMAN, C. J.

This proceeding in error is brought to reverse an order of the district court of Leavenworth county, refusing, on application for a temporary injunction, to restrain the defendant from carrying on or working at the business of a book binder in the city of Leavenworth, and especially upon Third street, in said city.

The defendant in error makes certain objections to the regularity of the proceedings taken to get the case into this court, which are not well taken. The order refusing the injunction was made in vacation, on the 2d day of August, 1866. The bill of exceptions was not filed till the 3d day of September thereafter, more than ten days after the order, refusing the injunction, was made. This would be fatal under section one of the laws of 1865 (*p.* 130), were it not waived by the defendant. This, we think, was done by the attorneys' indorsement thereon, which is in these words:

"We consent to within bill of exceptions. Sept. 1, 1866. Clough & Wheat, attorneys for defendant."

This indorsement, being made at the time the bill of exceptions was presented to the court, must be taken as their consent to the signing and filing the same, and to a waiver of any laches by not filing it in proper time. It may not have been so intended, but it would certainly be a fair inference that such was its purpose, and, as such, the plaintiff had a right to consider it.

It is further urged that a portion of the original papers are sent up, and not a transcript of papers. The clerk, however, certifies it to be a transcript, and as such, in the absence of any showing, we are bound to treat it. It is true that in the bill of exceptions the clerk is instructed to insert in one place the original

papers.   This was evidently done by the court below, inadvertently, and in the confidence reposed by it in a bill of exceptions to which both parties had given their consent.

The clerk's office of the district court is the proper and legal depository of the records of that court, and there they should be kept.   The law requires a transcript to be sent to this court, and it is not lawful or proper to send the original papers.   But as appears by the record, whatever may be the real facts, this record is a transcript, and we must so treat it.

These conclusions upon the preliminary points, raised by the defendant in error, made it necessary to inquire into the case on its own merits.

The plaintiff, in the case which he made out in his application for a temporary injunction, shows that a contract was made between himself and defendant, on the 14th day of August, 1865, of which the following is a copy:

"LEAVENWORTH, August 14, 1865.

"Messrs. Drake Bros. bought of S. Dodsworth 1 ruling machine, 1 standing press, 1 printing press, type, &c., 1 paging machine, 2 ploughs and cutters, 1 cutting machine, 1 finishing tool, &c., together with all the stock, fixtures and tools and machinery, of every description, now in or belonging to the Kansas Book Bindery, in Leavenworth City, Kansas, including, also, my right, title and good will to the above, which I declare to be entirely unincumbered; the whole for the sum of twenty-four hundred dollars, the receipt whereof is hereby acknowledged.      S. DODSWORTH."

Plaintiff also alleges that defendant, prior to and at the time of making said writing, made a further agreement to refrain thereafter from carrying on or working

at the business of a book binder in the city of Leavenworth. Plaintiff further shows that defendant is now engaged in such business of a book binder in the same place where he conducted the Kansas Book Bindery, to the detriment of the plaintiff; that defendant is insolvent, and therefore the injunction is sought to restrain defendant from carrying on said business in Leavenworth, and especially on Third street, in said city. It appears from the papers that the agreement not to engage in the business of book binding in the city of Leavenworth, was a verbal one, and that that part of the contract is denied by the defendant.

It is not denied that if all parts of the contract are to be taken into consideration, and are to be taken as true, a temporary injunction should have been granted; but defendant in error, besides his denial of the truth of the verbal stipulations, insists that they cannot be received in evidence, as the parties had reduced their contract to writing, and had, thereby, merged all prior, contemporaneous stipulations and negotiations in reference to the same subject matter, in the written contract.

The conclusion we have come to on this, the controlling question of the case, renders it unnecessary to determine the proper weight to be given to the conflicting statements of the affidavits, for we should, for the purposes of this case, assume those presented by the plaintiff to be true; nor do we deem it necessary to indicate an opinion how far an agreement may be made, partly in parol and partly in writing; for a careful examination of the authorities referred to in the briefs, and such others as are within our reach, satisfy us that this is not a case when such a decision is necessary.

Those cases that have gone the farthest in receiving

parol testimony as to the terms of a contract, when it has been reduced to writing, or a part of it, expressly limit its admission to those cases when the parties themselves have not appointed a writing as evidence of that part of their contract, or when the parol agreement is in execution of some distinct and separate provision of the written one, not provided for in the latter.

In the case of Miller *v.* Fichthorn (31 *Penn.*, 252), referred to by the plaintiff, the court say that the only questions to be asked are: "Is the parol testimony excluded by law? or is it excluded because the parties have appointed a writing as evidence of their contract? If the parties have instituted written evidence of only part of the transaction, not including the parts to be proved orally, then the evidence is entitled to be heard." This is the doctrine of that case, and it certainly carries the principle as far as it can be done with safety, and perhaps farther. A writing should be looked upon as a final consummation of the negotiations of the parties, and an exact expression of their purpose. All previous and contemporaneous talk is merged in the writing which is adopted for that purpose; and if held subject to enlargement, or other alteration, according to testimony and the infirmities of men's memories, influenced by their interests, it would be useless to reduce a contract to writing. It would, further, be pernicious; for one party, relying on the writing as defining his rights and limiting his responsibilities, would look only to its terms, while the other, trusting to extend the terms of the written contract by testimony, would carefully treasure up the previous talk about it, while it was still a subject of negotiation, and, by keeping in mind those persons who heard the conversation, be able to prove much

that was said, which, instead of enabling the courts to enforce the contract really made, would be apt to induce them to make a contract for the parties which they never made for themselves.

In the case before us, the parties have not only reduced their contract to writing, but have included in its terms that very branch of it which the plaintiff seeks to enlarge by parol testimony. The defendant not only sold the stock, fixtures, tools and machinery, but also the good will of the same. Now, this good will gave the plaintiff some rights, and to the exact extent of those rights the sale thereof was a restraint of the defendant's right to use them.

The exact extent of those rights need not be inquired into here. It is sufficient for our purpose that it to some extent divested the defendant of his otherwise perfect liberty to carry on or work at the book bindery business in the city of Leavenworth, in any way he pleased.

By the sale of the "good will," he could not use the old name, and relinquished any benefit or advantage which might result from its previously established character; nor could he do any other act that would prevent his vendee from enjoying that good will, as well against himself as others, to the same extent and in the same way that the defendant had himself a previous right to the unmolested enjoyment of them. This written agreement, then, did, to a certain extent, limit and restrain the defendant in his rights to carry on his business of a book binder. And on the very liberal principles of the case of Miller *v.* Fichthorn, cited above, the parol testimony in this case was not admissible, because the parties have instituted a written agreement, embracing not only the contract of sale,

but also a stipulation that to a certain extent restrains the defendant in the exercise of his otherwise undoubted rights.   To enlarge that restraint by parol testimony, would be extending the right of varying a written contract by oral testimony, that would be really dangerous in itself, and going farther than any well considered case will authorize.   Excluding, then, all evidence of a contract but the written one, we are satisfied that the case presented to the judge below did not authorize an order of temporary injunction in the case, and the decision of the case in this matter is affirmed.

All the justices concurring.