S. P. CORNELL, et al., v. THE ST. LOUIS, KANSAS & ARIZONA RAILWAY COMPANY.

WRITTEN CONTRACT; *Parol Agreement; Evidence.* Where C. executed a written contract to a railway company, whereby he relinquished to the company a right of way of 100 feet in width over his land, upon the consideration that the company would commence and complete its road in one year from the date of the contract, and in an action thereafter brought by C. against the company for damages sustained by reason of the construction of the road over such right of way, a cotemporaneous parol agreement was offered by C. that the company further agreed, as consideration for such right of way, to give him an annual pass for life over its road and make him a deduction of $10 on each car shipped by him thereon, and on failure to comply with these conditions, to permit him to retain his claim for damages, *held*, the evidence was inadmissible, as it would have enlarged the written contract, and varied materially its terms.

*Error from Anderson District Court.*

AT the September Term, 1880, of the district court, the *Railway Company*, as defendant, recovered a judgment for costs against the plaintiffs, *S. P. Cornell* and *E. J. Cornell*, who bring the case here. The opinion states the facts.

*H. L. Poplin*, and *J. G. Johnson*, for plaintiffs in error.

*W. A. Johnson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by plaintiffs to recover of defendant damages alleged to have been sustained by plain-

tiffs by reason of the construction of defendant's railroad over plaintiffs' land. The defendant pleaded the following written contract:

"*Relinquishment of Right of Way.*— Permission is hereby given the St. Louis, Kansas & Arizona railway company to enter upon and construct its railway over, upon and across the following: South half of section 30, and the northeast quarter of section 36, township 21, and ranges 17 and 18, Anderson county; the right of way granted being a strip of land one hundred feet in width, of an equal and uniform width of fifty feet on each side of the center line of said railway. And it is further agreed, that whenever called upon, after the first day of June, 1880, and the location or completion of said railway, the undersigned will execute and deliver a good and sufficient deed of the property above mentioned, to the St. Louis, Kansas & Arizona Railway Company, or its successor and assigns, provided the construction of said railway shall be commenced and completed in one year from date. And besides the above, I agree to give all lands required by the company for depots, switches and stock-yards, on the northeast quarter, at section 36. And the railway company agrees to locate the depot and stock-yards at this point, and to have a town site laid off and surveyed free of cost to Cornell.                     (Signed)        S. P. CORNELL.
                                        F. M. SHAW,
            *R. W. Com'r of St. L. K. & A. Rly.*"

Plaintiffs, in reply, alleged that before this agreement had been signed, the defendant agreed to give to S. P. Cornell, one of the plaintiffs, as the consideration for said agreement, an annual pass over its railway to and from St. Louis, for each year during the life of S. P. Cornell, without charge to him, and also to give him a deduction of ten dollars from the regular rates for each car of freight that he should ship from the town of Cornell to St. Louis, and that if defendant failed to perform any part of the agreement, the plaintiff S. P. Cornell was to retain his claim for damages for the right of way; that S. P. Cornell signed and executed the agreement under these conditions and considerations. On the trial, plaintiffs offered to prove such cotemporaneous parol agreement, and the failure of the defendant to comply therewith.

Defendant objected to such evidence as inadmissible; the court sustained the objection. Of this ruling, plaintiffs now complain.

It is undisputed law, that parol testimony is inadmissible to contradict the terms of a written agreement. The agreement expresses on its face a sufficient consideration, and we perceive no reason for such contract to be explained by extrinsic evidence. It is the best possible evidence of the intent and meaning of the parties thereto. Furthermore, it must be presumed that the whole engagement of the parties, and the manner and extent of their contract, were reduced to writing. To have permitted the evidence to go to the jury would have substantially substituted the alleged parol agreement for the written contract of the parties. No oral testimony of a conversation between the parties at the time of its execution, varying, enlarging or changing its terms, was admissible. We therefore think that the court committed no error in its ruling. (*Fackler v. Ford,* McCahon's R. 21; *Drake v. Dodsworth,* 4 Kas. 159.) In the cases cited by counsel of plaintiffs in error, parol testimony was received for the purpose of determining what construction should obtain of the written agreements, or to explain the situation and relation of the parties, and the circumstances surrounding the transactions. Here the contract is stated sufficiently intelligibly to render any such testimony unnecessary.

The judgment of the district court will be affirmed.

All the Justices concurring.