JOHN MOORE v. THE CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY.*

### No. 181.

STATUTE OF FRAUDS — INJUNCTION — *Easement.* The performance
of a parol contract respecting an interest in real estate is taken
out of the operation of the statute of frauds by full performance,
and in such case injunction is an appropriate remedy to prevent
the destruction of an easement so created.

Error from Republic district court; F. W. STURGES,
judge. Opinion filed April 11, 1898. Reversed.

*B. T. Bullen*, for plaintiff in error.

*M. A. Low, W. F. Evans,* and *J. E. Dolman,* for de-
fendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The plaintiff in error sought to en-
join the defendant in error from closing up a passage-
way under its tracks and over its right of way on his
farm. He claimed an easement of a right of way un-
der the track from one side of his farm to the other ;
that he had reserved this easement at the time he
deeded to the defendant its right of way over his farm ;
that by mistake, or through connivance of the agent
of the defendant company with whom he negotiated
regarding the right of way, and who drew the deed at
the time, the reservation and the agreement upon the
part of the defendant to maintain a passage through
its fill under the track were omitted from the deed ;
that the defendant did, notwithstanding this omission
from the deed, construct the passage immediately upon
the building of the railway and has maintained it ever
since for his use, and ever since the construction of

---

* Reversed in supreme court, December 10, 1898. See 60th Kan. REP.

the road, in 1887, has permitted him to use it openly and notoriously until about the time of the commencement of this action, when the defendant closed up the passage by moving its line of fence, theretofore constructed so as to afford passage, and by beginning to fill up the space with earth.

The plaintiff supported this contention by the evidence of two witnesses aside from his own testimony, and the evidence is clear, emphatic and uncontradicted that the agent of the company did contract in the first instance, as a part of the consideration for the right of way, that the company would, if possible, build and maintain a crossing under its track in the ravine on the plaintiff's farm, to afford passage back and forth from his farmhouse to his barn and stockyards; and that, pursuant to this agreement, the engineer in charge of the construction of the work did locate the bridge at this particular point under the direction of the plaintiff, and did construct the same, and did build fences along the line of the right of way in such a manner as to allow the plaintiff passage through under the track, and did maintain it so until about the time of the commencement of this suit; that the agent of the defendant company, at the time of the negotiations for the purchase of the right of way, prepared the deed, and pretended to the plaintiff that he had inserted therein the reservation and agreement to construct and maintain the passage under the track for the use of the plaintiff in passing from one part of his farm to the other; and that, but for this agreement, the plaintiff would not have deeded the right of way, and would not have executed and delivered the deed. The plaintiff's land through which the railroad runs, and through which the right of way was deeded at

the time spoken of, is a quarter of a mile wide and a mile long, and the right of way extends through this land lengthwise, separating it into two long, narrow fragments; that a part of his improvements are one side of the right of way, and a part on the other, and that it is necessary for him to pass back and forth daily, and often many times during the day.

The evidence discloses the fact that the plaintiff reduced his claim for damages to his farm and value of the land taken for the right of way from $2500 to $800 on account of this crossing; and that the agreement to construct and maintain this crossing was urged upon the plaintiff as a reason why he should concede this reduction. Notwithstanding the evidence of the plaintiff's right was clear that he had performed all of his part of the contract; that the defendant had performed its part in paying the $800, and had likewise performed that part in relation to the construction of the passage for the right of way, and had permitted the free use of it for eight years or more, the court found against the plaintiff, dissolved the temporary injunction theretofore issued, and rendered judgment against the plaintiff for costs.

The plaintiff assigns as error that the judgment is contrary to the facts as clearly established by the evidence and is contrary to law. That the judgment is contrary to the facts established by the evidence, is clear beyond a doubt. Defendant in error first insists that the record does not disclose that more than $100 in value is involved in the controversy, and that therefore this court has no jurisdiction to entertain the plaintiff's petition in error. We formerly denied a motion of the defendant in error to dismiss this case upon the same ground, and we are satisfied with our ruling on that motion.

The defendant concedes that it was proceeding to fill up this opening under the track when it was compelled to discontinue the work by the injunction granted in the case, but contends that before beginning the work it built a surface crossing for the defendant over its line and right of way. It asserts further that the opening that was called a crossing by the plaintiff is nothing more than the space between the piling of the bridge constituting a part of the track, and, moreover, that the evidence and contention of the plaintiff as to what the reservation was is so indefinite and uncertain that no action can be maintained thereon. While the remedy sought is in the nature of an action for specific performance of a contract, it is not that. The defendant had performed its contract. It is immaterial about the manner of its performance; it was satisfactory to the plaintiff. It now seeks to deprive him of this right—this valuable easement—by entirely destroying it. It is not necessary that we should determine, as counsel contend, just what size the opening in the embankment or road-bed should be, how wide or how high, if it was sufficient to answer the purpose of the defendant and comply with the contract. This it apparently did to the satisfaction of both parties until the defendant saw fit, to its own advantage, to repudiate the contract and destroy the right.

Counsel contend further, that the evidence is indefinite and uncertain because it does not disclose by whom the crossing should be maintained. In this counsel are mistaken. The evidence does show clearly that the contract was that the company should maintain the opening in its road-bed, the very essence of the easement, and the court is not called upon, nor is it necessary, to supply any of these supposed defects or uncertainties.

It is further contended, that by the terms of the contract it is indefinite and uncertain as to the length or duration of this right of easement. The evidence is not indefinite or uncertain upon this. It became an appurtenance to the land, under its very terms and conditions; it is such an easement as a purchaser was bound to notice and respect.

The argument of the counsel for the defendant is that the plaintiff is seeking the specific performance of a contract; but, as above suggested, this is not true in fact, although it is in effect enforcing the continued performance of a contract; or rather, it is restraining the defendant from repudiating its contract and destroying a right, and at the same time retaining all the benefits it had obtained under the contract on its part. Counsel for the defendant contend further that the plaintiff is not entitled to the relief asked because he did not pray in his petition for a reformation of the deed, and that no relief can be given him without a reformation of the deed; and in support of this they cite *Cornell v. St. Louis, K. & A. Rld. Co.*, 25 Kan. 613. The only principle decided in that case is that the terms of a written contract cannot be varied or extended by parol evidence. It does not support the contention of counsel that relief cannot be granted the plaintiff without a prayer in his petition asking that the contract be reformed. Indeed, it was not necessary that such a prayer should be in the petition if the facts alleged warranted such relief; nor would it be necessary in order to afford the relief to which the plaintiff was entitled that the court should first decree a reformation of the contract.

Justice Story, in his work on Equity Jurisprudence, section 330, discussing this question, says:

" Hence in a variety of cases, where from fraud, im-

position or mistake a contract of this sort has not been reduced to writing, but has been suffered to rest in confidence or in parol communications between the parties, courts of equity will enforce it against the party guilty of a breach of confidence who attempts to shelter himself behind the provisions of the statute.''

The allusion to the statute is to the statute of frauds and perjuries, behind which the defendant seeks to shelter itself in this case.

Again, in section 437, Justice Story says :

'' We have thus gone over the principal grounds on which the courts of equity grant relief in matters of accident, mistake, and fraud. In all these cases it may be truly asserted that the remedy and relief administered in courts of equity are in general more complete, adequate and perfect than they can be at common law. The remedy is more complete, adequate and perfect because equity uses instruments and proofs not accessible at law, such as injunction operating to prevent future injustice. . . . Thus, if a deed is fraudulently obtained, without consideration or for an inadequate consideration, or if by fraud, accident or mistake a deed is framed contrary to the intention of the parties in their contract on the subject, the forms of proceeding in the courts of common law will not admit of such an investigation of the matter in those courts as will enable them to do justice. . . . And if it finally appears that the deed has been improperly obtained, or that it is contrary to the intention of the parties in their contract, these courts will in the first case compel a delivery and cancellation of the deed. . . . In the second case they will either rectify the deed according to the intention of the parties, or they will restrain the use of it in the points in which it has been framed contrary to, or it has gone beyond, their intention in the original contract.''

Again, counsel for defendant contend that this deed, being the contract of the parties reduced to

writing, cannot be enlarged or changed by parol evidence, as was held in the case of *Cornell v. St. Louis, K. & A. Rld. Co.*, supra. But it is no longer an open question that where fraud or mistake is alleged it may be shown by parol evidence, and if clearly shown courts have adequate power to grant relief.

Defendant contends further, in connection with the same matter, that inasmuch as the defendant, the Chicago, Rock Island & Pacific Railway Company, was not the owner of the land at the time this right of way was purchased, but is the successor in interest of the company that constructed the road, it is a *bona fide* purchaser for value, and cannot be affected by this contract resting in parol ; and the fact that the plaintiff was in the possession and use of this easement openly and notoriously was not sufficient to give it notice. The evidence sufficiently discloses the fact that the defendant company does not occupy the position of *bona fide* purchaser for value without notice of the plaintiff's rights.

The contention of counsel for defendant, in the second paragraph of their brief, is that the contract, not being in writing and not being signed by the party to be charged therewith, is clearly within the statute of frauds, and cannot be enforced. The contract was an entire one. The reservation of the easement and the covenant to maintain the same for the use of the plaintiff are parts of the contract under which the defendant acquired its right of way. That contract has been performed — was fully peformed by both parties, and the performance takes it out of the operation of the statute. It does not lie in the mouth of the defendant to contend now, having received the full benefit of the contract, that the burdens shall not be performed by it. To prevent parties from taking advantage of the

statute of frauds, where the contract has been so far performed that the parties cannot be placed *in statu quo* and a mere action for damages would not afford adequate relief, is one of the principal grounds of the interposition of a court of equity, one of the principal grounds of its jurisdiction. (*A. T. & S. F. Rld. Co. v. English*, 38 Kan. 110.)

The contention of counsel for the defendant, in the third paragraph of their brief, is that, even if the deed had been executed by the plaintiff to the railway company and had been signed by the company, and if there had been a provision for the crossing — for the easement — and it had been omitted by mistake from the deed, that part of the contract could not be enforced without a reformation of the deed so as to make it contain the provision ; and that because the plaintiff does not ask that the deed be reformed the action cannot be sustained.   This is in effect the contention in the first paragraph of the brief, and which has been alluded to above and cannot be sustained.   The facts alleged in the petition are sufficient to warrant a reformation of the deed, and a prayer therefor is not material.   A court of equity, where the contract has been performed according to its true intent, although not contained in writing, will treat that as done which ought to have been done, and will decree accordingly.

In the fourth paragraph of the brief of defendant, counsel contend that the evidence does not show that a mistake of any kind was made in the preparation or execution of the deed.   In this counsel are mistaken. The evidence shows that the agent of the railway company by whom the right-of-way deed was drawn and taken represented to the plaintiff that the reservation was in the deed.   This is uncontradicted.   There is no evidence tending to show that the plaintiff was in any

manner negligent in the performance, and the evidence further shows that the company did perform this part of the contract.

Under the fifth subdivision of counsel for the defendant's brief it is contended, that because the plaintiff signed the voucher, in which he receipts for the $800, and in which it is recited, after reciting that it is for the right of way, as follows : ''and including all damages sustained or to be sustained by me by reason of the construction and operation of the railroad of such company in a lawful manner through said county of Republic,'' that therefore the plaintiff is estopped to say that there was any such reservation, or that there was any fraud or mistake in the preparation of the deed ; that the evidence offered by plaintiff contradicts expressly the terms of this instru-. ment — this receipt — this voucher. There is nothing in the voucher inconsistent with the claim of the plaintiff. It is said that the words '' and privilege granted to change channel of creek, Republic county, Kansas,'' precludes the idea of any such reservation or covenant on the part of the defendant. There is nothing inconsistent in this. Indeed, the evidence shows that there is no creek upon the premises. There was no channel of any creek changed or to be changed.

In the sixth paragraph of counsel's brief they contend that the agent had no authority to make this contract, and that, indeed, his instructions from the president of the company were that he should not in buying the right of way do anything but pay money. It is not contended that these instructions were disclosed to the plaintiff. This reservation was a part of the purchase of the right of way, and it is immaterial what the agent's instructions were.

Moore v. Railway Co.

The company insists upon retaining the benefits of the contract; and doing that, it must bear its burdens as well, and cannot now be heard to say : " We will take the benefits of this contract; it is a good contract so far as it confers upon us the right of way, but it is a bad contract in that it imposes a burden upon us which our agent was not authorized to impose by contract." In order to avoid the burden of the contract they must repudiate it *in toto:* they cannot retain its benefits in part and repudiate it in part. It is unnecessary to cite authorities in support of this position. There is nothing in the law to the contrary. While it is true that courts of equity are not bound to render a decree in all cases, but have some discretionary powers in the matter, yet such discretionary power is not a captious discretion. The plaintiff had rights which the court was bound to enforce. This rule of law was announced by the supreme court of the United States in *Williams v. Morris*, 95 U. S. 457.

It is clear that the court was in error in dissolving the temporary injunction and dismissing the plaintiff's petition with costs, and the judgment will be reversed, and the case remanded to the district court with directions to sustain the plaintiff's motion for a new trial and to proceed in the case according to the views herein expressed.