THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. JOHN MOORE.

### No. 11248.

EASEMENT—*Finding Conclusive.*  A finding by a trial court upon conflicting testimony against the right of perpetual easement in an under-grade railroad crossing is not open to review.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MCELROY, judges.   Opinion filed December 10, 1898. Reversed.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error.
*B. T. Bullen*, for defendant in error.

PER CURIAM: This action was brought by Moore to enjoin the railway company from constructing an embankment across a ravine over which the defendant's railroad was originally constructed on piling, leaving an opening underneath the track through which the plaintiff was enabled to pass from one part of his farm to the other. The claim of the plaintiff was that at the time he granted the right of way over his land to the railway company, under which the defendant claims, it was agreed as a part of the consideration for the deed that the plaintiff should have this under-grade crossing as a perpetual easement. The relief demanded by the petition was that the defendant be restrained from closing up the opening used by the plaintiff. There was no prayer for a reformation of the deed. At the trial the plaintiff offered testimony tending to show an agreement between himself and the agent of the company who procured the right of way that he should be given such a crossing as he claimed, and that the railway company had recognized his right to it by so constructing its railroad and its fences as to afford an ample passage from one side of his farm to the other underneath the track. On the other side, the railway company offered in evidence the deposition of M. A. Low with reference to the authority of the agent to make such an agreement as was claimed by the plaintiff, and a receipted voucher for $800 paid by the railway company for the strip of ground for the right of way. A copy of the deed for the right of way, the execution of which was not denied, was attached to the answer. It showed

an unconditional grant of a strip of land 100 feet wide part of the way, and 150 feet wide the rest of the way, over the plaintiff's land, and contained no reference whatever to the under-grade crossing claimed by the plaintiff. On this testimony the district court denied an injunction and entered a general judgment in favor of the defendant. The court of appeals has reversed this judgment. (*Moore v. Railway Co.*, 7 Kan. App. 242; 53 Pac. 775.)

The opinion of the learned presiding judge of that court assumes as a fact the existence of the parol contract with reference to the crossing, and the argument proceeds on this basis. It is stated in the opinion of the court that the testimony of the plaintiff's witnesses with reference to the existence of the agreement is clear, emphatic, and uncontradicted. We deem it unnecessary to enter into a discussion of the legal questions considered by the court of appeals, because in our view the record fails to present them. At the trial the court had before it on one side the deed and written voucher prepared and executed for the purpose of showing the rights of the parties under their agreement, and the deposition of Mr. Low. On the other side was the oral testimony of the plaintiff and his witnesses. The issue presented was as to the right of the plaintiff to enjoin the defendant from making full and unrestricted use of the strip of land conveyed to it for making a right of way, and thereby to close up the crossing. No reformation of the deed was asked, and the validity of it was not on trial. The issue was as to the rights of the parties under it.

Assuming that the deed was not conclusive on the rights of the parties and might be contradicted by oral testimony, it still was not only evidence, but the highest character of evidence, as to what the agreement

in fact was. The written voucher in which the plaintiff charged the railway company with the strip of ground, and receipt for the money, was some evidence at least as to the terms of the bargain. This documentary evidence it was the duty of the court to weigh in the balance as against the oral statements of witnesses. The trial court gave credence to the written evidence and discarded the oral. It had a clear right to do so. Even had this been an action in form to reform the deed, the rule is well settled that strong, clear and convincing testimony of the error in the document must be adduced, and the trial court had a right to take into consideration not only all the circumstances in the case, but the appearance and demeanor of the witnesses, for the purpose of ascertaining the truth. The doubts in this case were resolved on the testimony in favor of the defendant. The finding of the trial court, sustained by evidence, is in effect that the deed represents the real contract of the parties. The plaintiff, therefore, was not entitled to an injunction. The familiar case then was presented to the court of appeals of a finding adverse to the plaintiff in error on conflicting testimony, and this finding was conclusive on that court. No other questions than those arising on the merits were presented to or considered by the court of appeals, and these under the well-settled and oft-repeated rule of law were not open to review.

The judgment of the court of appeals is reversed, and the judgment of the district court is affirmed.