## RICHARD BALL *et al.*

*v.*

## JOHN BENJAMIN.

1. EVIDENCE—*parol, to establish a fact upon which written contract is silent.* Where a party, who had purchased a double saw-bench to be used in a planing mill, sold out his interest in the mill and machinery to his partner, and the latter agreed, in writing, to pay "all debts due for material used in the construction of the planing mill and building now occupied by them," it was *held*, that parol evidence was admissible to show whether the saw-bench was any part of the material used in the construction of the mill and building, in a suit by the creditor who sold the bench, against such purchaser agreeing to pay the debts. Its effect was not to vary the terms of the written contract, but to establish a fact upon which the contract was silent.

2. ALLEGATIONS AND PROOFS—*in respect to different counts.* There is no error in instructing the jury so as to confine the plaintiff's right of recovery to the contract declared upon in the special count of his declaration, where there is no evidence to justify a recovery under the common counts, or aside from the contract.

3. CONSIDERATION—*promise without, invalid.* The promise of a party to the holder of a promissory note upon a third person, to pay the same, without any consideration, will not support an action.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

40. BALL *et al.* *v.* BENJAMIN. [Sept. T.

Opinion of the Court.

Messrs. KILGOUR & MANAHAN, for the appellants.

Messrs. SACKETT & BENNETT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by appellants, against John Benjamin, in the circuit court of Whiteside county, to recover the value of a double saw-bench which was sold by them to one Daniel H. Call.

A trial was had before a jury, which resulted in a verdict and judgment against appellants.

When Call purchased the double saw-bench, he was engaged in the planing, sash and door business, and the machine was bought to be used in the planing mill. Upon making the purchase, he gave appellants his note for the machine. Before it arrived, Benjamin purchased of Call a half interest in his business. The inventory taken did not, however, include the machine. While the two were in partnership, the machine arrived, and was taken to the mill. Subsequently, Call sold out to Benjamin.

Upon making the sale, Call took of Benjamin a bond, which, among other things, contained a clause as follows: "The condition of said obligation is such that, whereas, the said Call has this day sold unto the said Benjamin his interest in the property owned by them, under the firm name of Call & Benjamin; by the terms of which sale the said Benjamin is to pay all the indebtedness of the said firm of Call & Benjamin, and all debts due for material used in the construction of the planing mill and building now occupied by them."

The declaration in this case contained one special count, together with the common counts. It is averred in the special count that, on November 10, 1868, in consideration of having bought out the business of Call, and that Call had delivered to the defendant the double saw-bench, defendant promised Call to pay said note to the plaintiffs.

The real question for the jury to determine was, whether Benjamin, in buying out Call, assumed the payment of appel-

lants' debt, as averred in the special count of the declaration. In order to establish this fact, appellants read in evidence the bond which contained the contract that fixed the liability of appellee, if liable at all.

After the bond was read in evidence, which contained these words, "and all debts due for material used in the construction of the planing mill and building now occupied by them," it was then a question for the jury to determine whether the double saw-bench was a part or parcel of the material of which the planing mill was composed. Upon this point, appellee called several witnesses who were familiar with the planing mill and the machine, and, after they stated that it was not used, or in any manner attached to the planing mill for use, this question was asked: Was this double saw-bench any part of the material used in the construction of the planing mill and building of Call & Benjamin? The answer to this interrogatory was: "It was no part of the mill, because it was not set up. We had no room for it. We had it in the basement. Blair brought the saw-bench to the mill. Benjamin was not there when it came."

This evidence was objected to by appellants, and its admission is one of the grounds relied upon to secure a reversal of the judgment.

We are unable to perceive any valid objection to the evidence. It was not only unobjectionable, but the peculiar language used in the bond rendered that character of evidence indispensable to a proper presentation of appellee's side of the case.

When this case was before this court at a former term, in alluding to the language of the bond, "material used in the construction of the planing mill," it was said: "The interpretation to be given to these words does not depend upon any legal principle, but upon the nature of the machine and the extent to which it was a part of the planing mill." We are aware of no other manner the jury could know the nature of the machine, and whether it was a part of the mill, unless aided by evidence upon those questions.

The evidence did not tend in any manner to vary or change the terms of the written contract, but its object was, to establish a fact upon which the contract was silent.

It is insisted by appellants that the defendant's first, second and eighth instructions, which, in effect, confined appellants' right of recovery to the contract declared upon in the special count of the declaration, should not have been given.

The record in this case discloses no evidence upon which a recovery could be had aside from that contained in the bond given by Benjamin to Call, and, under these circumstances, the instructions were proper.

Conceding that appellee told the agent of appellants that he would pay the note they held against Call, it was a mere promise without consideration, and would not support an action on the common counts.

The issues involved in the case, so far as we can see from the record, were fairly submitted to the jury, and we see no substantial reason to disturb the judgment. It will therefore be affirmed.

*Judgment affirmed.*