James Delaney, plaintiff in error, *vs.* James W. Anderson, defendant in error.

Where one partner buys out another's interest, and assumes all the liabilities of the firm, and the terms of sale are in writing, parol evidence is not admissible to show that the purchaser agreed to pay an account of the ven-

dor for board, though a memorandum of said account was on the partnership books and the board was due to a third member of the partnership.

Partnership.    Evidence.    Before Judge HALL.    Newton Superior Court.    March Term, 1875.

*Reported in the opinion.

CLARK & PACE, for plaintiff in error.

SIMS & SIMS, for defendant.

JACKSON, Judge.

The plaintiff, Delaney, the defendant, Anderson, and another were in partnership.   Anderson bought out Delaney, and the terms of sale were in writing, and to the effect that Anderson was to assume all the liabilities of the firm, and took the entire interest of Delaney.   Delaney sued Anderson for a board bill due to the third partner from Delaney individually, and offered to show by parol that such was the contract, and that the board bill appeared on the cash book.   The court rejected the evidence.   We think the court did right. The written obligation was to pay the liabilities of the firm. The firm did not owe this money; a note of it being on the firm cash book did not make it a liability of the firm.   To have admitted the proof would have been to add to and vary, indeed, to change the obligation of the writing: Code, section, 3800.

Judgment affirmed.