## JACOB M. MILLS v. JACOB RUEHLIN.

1. FINDING, *When Conclusive.* When a written contract for the sale of real estate is entered into, and upon the trial in an action for specific performance the trial court upon conflicting testimony finds that such written contract truly expressed the agreement between the parties, such finding on error to this court is conclusive.

2. FINDING, *Amount of Evidence to Sustain.* A less amount of testimony will justify and uphold a finding that a written contract does not cover all the matters agreed upon between the parties, than one that the contract so far as it is expressed does not truly state the agreement.

### *Error from Brown District Court.*

ACTION brought by *Ruehlin* against *Mills,* to enforce the specific performance of a contract. Trial at the January Term, 1882, of the district court, and judgment for plaintiff. The defendant brings the case here. The opinion states the facts.

*James Falloon,* for plaintiff in error.

*Lacock & May,* and *Webb & Martin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: on August 17, 1880, the parties in this action entered into the following contract:

"Articles of agreement, made this seventeenth day of August, one thousand eight hundred and eighty, between Jacob M. Mills, of Brown county, Kansas, and Jacob Ruehlin, of Lyon county, Ohio, of the second part, witnesseth: That said party of the first part hereby covenants and agrees, that if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned, on his part will convey and assure to the party of the second part, in fee simple, clear of all incumbrances whatever, by good and sufficient warranty deed, the following-described premises, viz.: Northwest one-fourth of section three, town two, range eighteen, Brown county, Kansas, for the sum of three thousand dollars. And the party of the second part hereby covenants and agrees to pay to said party of the first

part the sum of two hundred dollars on or before the first day of October, eighteen hundred and eighty; eight hundred dollars to be paid on the first day of March, eighteen hundred and eighty-one; five hundred dollars on the first day of October, eighteen hundred and eighty-two; five hundred dollars on October first, eighteen hundred and eighty-three; five hundred dollars on October first, eighteen hundred and eighty-four; five hundred dollars on October first, eighteen hundred and eighty-five—all of said payments to bear seven per cent. interest annually, from March first, 1881.

"Now the foregoing instrument to remain in full force and effect until this instrument is fulfilled.    In witness,

JACOB M. MILLS.

JACOB RUEHLIN.

Witness: JOHN A. DOWELL and JAMES X COLLINS."
His
mark.

In pursuance of that contract, defendant in error paid plaintiff in error, on October 1, 1880, $200.    On March 1, 1881, he tendered $800 and offered to execute notes and mortgage for $2,000, which plaintiff in error refused; and thereupon defendant in error brought this action to enforce a specific performance of the contract.    The district court upon a trial sustained the defendant in error's claim, and decreed a specific performance.    In respect to this decree plaintiff in error, defendant below, now alleges error.    Of this written contract both parties complain: the plaintiff, that it does not state all the matters agreed upon; the defendant, that even so far as it goes it does not truly state the contract between the parties. Upon the trial the district court found against the defendant and in favor of the plaintiff, and that as far as it went the writing truly expressed the agreement between the parties, but that other matters were agreed upon which were not stated therein.    Now whether this contract so far as it went truly expressed the agreement between the parties, is a question of fact.    Upon it the testimony is conflicting.    Both plaintiff and defendant were witnesses in their own behalf.    Each was supported more or less by other testimony.    Upon this question of fact the finding of the district court is conclusive.    This court does not weigh merely con-

1. Finding, when conclusive.

flicting testimony. We accept the decision of the triers of fact, whether court or jury, as final. We may say, upon a review of the testimony, that while the respective parties are positive in their contradiction of each other, and while each is supported by some extrinsic evidence, there is nothing which would justify this court in disregarding the finding of the district court as to the very facts. It is a plain case of yes or no between the parties, and we are bound by the conclusions of the trial court. By those conclusions the facts are found to be as the plaintiff below, defendant in error, alleges them; and the facts being as so claimed, the judgment necessarily follows. By those findings the plaintiff paid the $200 on October 1, as contracted, tendered the $800 on March 1, as stipulated, also offered notes and mortgage for the two thousand dollars, the balance of the purchase-money, and demanded the deed. The plaintiff in error refused to receive the $800, refused to receive the notes and mortgage, and refused to make the deed contracted for. In this he plainly broke the contract entered into between the parties, and no valid reason appears why he should not perform it. Of course he claims that the contract was different from that stated by defendant in error and found by the court, but upon the testimony and findings we are bound by the decision of the trial court. We may remark that generally more testimony is re-

2. Finding, amount of evidence to sustain.

quired to prove that a written contract is not true and does not express the agreement of the parties, than to prove that it is not full and does not cover all the matters agreed upon between the parties. It is one thing to contradict a written contract, and another and less thing to prove that its stipulations do not embrace all the matters agreed upon between the parties. The district court found the contract to be true so far as it went, but that other matters agreed upon were not expressed. (*Ball v. Benjamin,* 73 Ill. 39; *Montelius v. Atherton,* Sup. Ct. Col., 14 Rep. 553.) And notwithstanding the conflict in the testimony, we are bound by its conclusions. The judgment of the district court will therefore be affirmed, and it is so ordered.

All the Justices concurring.