GEORGE F. ECKERT *et al.* v. SUSAN E. RULE.

EVIDENCE — *Verdict, When not Set Aside.* Although the verdict of a jury be contrary to the judgment of the supreme court, it will not be set aside, upon the ground that the verdict is not sustained by sufficient evidence, unless there is a total want of evidence to sustain it.

*Error from Meade District Court.*

THIS case is stated in the opinion.

*Leland J. Webb,* for plaintiffs in error.

*H. G. Ney,* and *M. L. Brown,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Mrs. Susan E. Rule brought her action against George F. Eckert and the Meade County National Bank, alleging in her petition that she was, in October, 1889, the owner and in possession of a large stock of hardware, cutlery, farm implements, etc., in the city of Meade, Meade county, and further alleging that in that month there was a wrongful taking, detention and conversion of the stock of hardware, etc., by the defendants; that the stock of goods was of the value of $1,700, and that she had been damaged in the sum of $2,200. At the January term, 1890, the case was tried before the court with a jury, and a verdict returned in favor of the plaintiff below for $1,400. Special findings of fact were also made by the jury. Judgment was entered in accordance with the verdict, and of this complaint is made.

It is contended that the verdict and judgment were not sustained by sufficient evidence, and that the verdict was given under passion and prejudice on the part of the jury. This court cannot review evidence, except to ascertain whether there is some evidence, that is, positive evidence, to sustain the verdict. In *Mills v. Reuhlin,* 29 Kas. 89, this court says: "We accept the decision of the triers of fact, whether court or jury, as final." (*The State v. Mayberry,* 33 Kas. 441; *Cooper*

*v. Machine Co.*, 37 id. 231; *Railroad Co. v. Foster*, 39 id. 329; *Martin v. Hopkins*, 40 id. 63.)

The evidence in this case is very conflicting, and there are contradictions of some of the witnesses upon cross-examination; but, after a careful perusal of all the evidence, we cannot affirm that there is a total want or failure of evidence to sustain the verdict. "Though the verdict of a jury be contrary to the judgment of the appellate court, it will not be set aside unless there is a total want of evidence to sustain it." (*Railway Co. v. Kunkel*, 17 Kas. 145.)

We cannot say that there is sufficient showing in the record of passion or prejudice on the part of the jury. The trial judge seems to have acted impartially, and he has approved the verdict. The judgment will be affirmed.

All the Justices concurring.