H. T. TRICE v. CAROLINE YOEMAN AND R. J. YOEMAN.

No. 11295.

CONTRACT OF SALE—*Parol Evidence of Consideration.*    Parol evidence of an agreement consisting of mere oral promises made previously or concurrently with the execution of a written contract of sale of land is inadmissible to charge the vendee with the payment of more than the expressed consideration, when the amount to be paid plainly appears from the face of the instrument.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges.    Opinion filed July 8, 1899.    Reversed.

*Madden & Buckman,* for plaintiff in error.

*Pollock & Lafferty,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action brought by Caroline and R. J. Yoeman, wife and husband, against H. T. Trice to recover upon an agreement alleged by them to have been made by Trice to pay certain indebtedness of theirs, but which agreement he had failed to fulfil.    The Yoemans were the owners of a tract of land which was encumbered to the amount of about $9000.    They were also indebted to various parties to the amount of several thousand dollars more.    They were desirous of freeing themselves from their obligations, and accordingly entered into an agreement with Trice by the terms of which they were to convey their land to one Townsend for him, in consideration of which he was to discharge their indebtedness in full, as they claim, but as he claims, only to the extent of several specified debts.    This

agreement was wholly evidenced, as Trice says, by the following written documents :

"WINFIELD, KAN., September 4, 1892.

" Know all men by these presents, that we recently formed the acquaintance of H. T. Trice, Winfield, Kan., and as he seems to us more active and more competent to effect a sale of our lands, we hereby give him full control and sale of same, and as other real-estate men have had several months and effected no sale, and he has taken hold of the matter with him, and photographed and advertised the premises, and using every effort to make a sale to meet our mortgages and security debts and accumulated interest, taxes, judgments, and costs, which have been a great annoyance to us recently ( because of our inability to meet them), we hereby promise our every effort to aid him in making the sale of the 395 acres we have now under foreclosure, and as we have been desirous of making said lands meet our obligations and release our crops, live stock and implements from encumbrance, we do most heartily wish and hope that he may make a sale of said land and stop the accumulations of interest and debt, and as compensation for his efforts and this favor to us we hope to aid him in every way to effect sale, and follow instructions given, and will feel glad to help him make a sale that will pay him well, and are perfectly willing that he shall have all he can get out of said lands over and above what he may need to satisfy the judgment and claims of H. B. Schuler, Scott & Brier, $5000 and $500 mortgage and accrued interest, and a $1200 mortgage, interest and costs on said premises, and D. M. Osborn & Co., and McCormick Harvester Company, and W. C. Robinson ; and the more he gets out of the place to pay him for making this sale the better we shall feel, and we will feel satisfied at getting released from these debts — which other real-estate men have failed to do, although have tried for months. In witness whereof, we set our hands the day first above written.

CAROLINE H. YOEMAN.
·   R. J. YOEMAN."

"WINFIELD, KAN., September 24, 1892.

"*Stafford & Albright:* You will please deliver to H. T. Trice the deed signed by us conveying our lands to Wm. S. Townsend, which we have agreed to turn to him upon the conditions that he shall have same and all the proceeds he may get from same over and above the amount he may need to satisfy the Scott & Brier $5000 mortgage and $500 mortgage and the $1200 mortgage and claim of H. B. Schuler, $1800 or less, and Osborn & Co. and McCormick Machine Company and W. C. Robinson, and costs and interests on same, and what he may save by discounting said claims, it being our wish and aim to gladly give him all he can get out of said lands after paying or satisfying said above accounts and claims, and hope you will aid him every way to make the turn and make a nice sum for himself, that we may save our stock and crops, which we will lose otherwise.

CAROLINE YOEMAN.
R. J. YOEMAN."

Stafford & Albright, to whom the above letter was addressed, had been made the custodians in escrow of the deed to Townsend. Trice paid all the indebtedness mentioned in the above-quoted writings. The Yoemans claimed that at and before the time of the execution of these papers, and as a part of the contract made with Trice, he agreed to pay all other indebtedness owing by them, the items of which were not at the time specified but were stated to be in amount between $800 and $1000. Because of his failure to make such payment, suit was brought against him and a verdict and judgment of $725 recovered. The district court, over the defendant's objections, held that parol evidence was admissible to prove the previous and concurrent agreement to pay the additional sums. Error was prosecuted to the court of appeals, which affirmed the judgment of the district court. (*Trice v. Yoeman*, 8 Kan. App. —, 54 Pac. 288.) To

review its judgment of affirmance a discretionary order of certification to this court was made.

The reception of parol evidence in proof of the agreement to pay sums additional to those specified in the above-quoted written instruments constitutes the principal claim of error. We think this claim is well founded. These papers made up a contract of sale of real estate. Upon them Trice, the vendee, could have maintained an action for specific performance. In quite a number of instances parol evidence is admissible to show the real consideration for a deed or for an agreement of conveyance of land, or to show that the consideration has not been paid notwithstanding a recital of its payment; and parol evidence is admissible to show a consideration for the deed or the agreement additional to the one expressed in the writing, if not inconsistent with such writing; and parol evidence is also admissible to complete any kind of agreement which has only been partially reduced to writing, the added portion being in completion and not in contradiction of the writing. Possibly parol evidence of facts and circumstances in such cases as this may be received to charge the vendee with the payment of sums additional to those expressed in the written agreement, but we know of no cases which allow the consideration named in a contract for conveyance to be varied by parol evidence of an agreement to pay sums additional to that which the parties have expressed in the instrument as the whole consideration. The above-quoted papers constitute a unilateral agreement for the sale of land. They are signed by the Yoemans alone, but they were accepted and acted upon and their terms fulfilled by Trice. They constitute as much his agreement as though he had signed them. They constitute his agreement to pay so much money

for the land. In addition to the express mention of the sums to be paid, which of course implies the exclusion of an obligation to pay any greater or other sums, they negative by their terms the obligation to pay anything additional. The one first quoted declares :

" We are perfectly willing that he (Trice) shall have all he can get out of said lands over and above what he may need to satisfy the judgment and claims of H. B. Schuler, Scott & Brier, $5000 and $500 mortgage and accrued interest, and a $1200 mortgage on said premises, and D. M. Osborn & Co., and McCormick Harvester Company, and W. C. Robinson ; and the more he gets out of the place to pay him for making this sale the better we shall feel, and we will feel satisfied at getting released from these debts."

In the paper last quoted the vendors declare :

" We have agreed to turn (the land) to him (Trice) upon the conditions that he shall have the same and all the proceeds he may get out of same over and above the amount he may need to satisfy, etc. (the debts before mentioned, scheduling them), it being our wish and aim to gladly give him all he can get out of said lands after paying or satisfying said above accounts and claims."

These instruments not only constitute a contract to convey lands for a certain specified consideration, but they in terms exclude the right to claim additional compensation for the conveyance. The reception of evidence of the parol contemporaneous agreement to pay more for the land than the amount expressed in these papers was error, and the judgments of the court of appeals and of the district court are reversed, with an order for a new trial.