J. B. EHRSAM *et al.* v. CASPER BROWN.

No. 12,562.    (67 Pac. 867.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Personal Property—Parol Evidence to Show Warranty.* When a manufactured article of trade is purchased on a written order, which describes the article purchased, specifies the price to be paid and time of payment, contains a condition that the title shall remain in the vendor until payment is made, and other provisions of the purchase, but contains no words of express warranty either of the quality of the article sold or its fitness for a particular use, and such order is accepted by a letter containing no words of warranty, parol evidence is inadmissible to show the existence and terms of a contemporaneous oral warranty of the quality of the article sold.

2. ———— *Entirety of Contract—Question of Law.* Whether parties have committed their entire contract to writing is a question for the determination of the court. In this determination the writing itself is the guide. If, on its face, it imports to be complete—that is, if it contains such language as imports a complete legal obligation between the parties—it is complete, and

parol evidence will not be admitted to extend its obligations to cover matters upon which the writing is silent.

3. —— *Warranty not Independent and Collateral.* While the existence of an oral agreement, contemporaneous with an agreement in writing, if independent of, distinct from and collateral to the written agreement, may be shown, yet in the sale of personal property a warranty of quality is not distinct, independent and collateral to the contract of sale, and may not be shown to exist by parol evidence where the contract of sale is in writing.

Error from Logan district court; A. C. T. GEIGER, judge. Opinion filed February 8, 1902. *In banc.* Reversed.

*Hurd & Hurd,* for plaintiffs in error.

*Charles L. Kagey,* and *W. E. Saum,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : The defendant in error purchased of J. B. Ehrsam & Sons, for use in his flouring-mill, two "Wolf gyrators." The purchase was made upon the following written order and letter of acceptance :

"*J. B. Ehrsam & Sons,. Enterprise, Kan:*

"GENTLEMEN—I herewith place my order for the following Wolf gyrators :

"1 No. 6-20 sieve 4 reduction machine.

"1 No. 6-30 sieve 6 reduction machine.

"The price of the above machines is to be $875, f. o. b. cars East St. Louis.

"Terms are as follows : One hundred dollars when machines are in operation; one note for $387.50, payable three months from time of starting machines and acceptance of same ; one note for $387.50, payable six months from time of starting machines and acceptance of same. Notes to bear interest at rate of six per cent. per annum after they become due, you to retain title to the machinery above specified until payments are made in full.

"The machines are to be shipped at the earliest possible date and shipment is to be followed by tracer.

"You are to furnish with the machines necessary extra sieves to change the granulation of flour from coarse to fine, and also necessary sieves to facilitate starting and getting the machines in operation.

Yours truly, CASPER BROWN."

"J. B. EHRSAM & SONS,<br>MANUFACTURERS OF MILL MACHINERY.<br>-Established 1872.

ENTERPRISE, KAN., March 20, 1899.

"*Mr. Casper Brown, Oakley, Kan.*

"DEAR SIR—We beg to acknowledge receipt of your esteemed favor ordering two (2) gyrators, cleaning machinery, and your order through our Mr. Ehrsam for smoke-stack and supplies. These will have our prompt attention. When you get this machinery installed in your mill you will be in line with the best improved mills in the country, and we feel confident you will be highly pleased with the machinery in every respect. Yours very truly,

J. B. EHRSAM & SONS.

"J. J. A. <span style="float:right">Per J. B. EHRSAM, jr."</span>

The machinery was received by defendant direct from Wolf Bros., the manufacturers, at Chambersburg, Pa., and he paid the sum of twenty-five dollars freight charges thereon from East St. Louis. The remainder of the purchase-price not having been paid according to the terms of the order, J. B. Ehrsam & Sons filed a mechanic's lien upon the property improved to secure the payment. This action was brought to obtain a decree foreclosing such lien. The defendant, by cross-demand, alleged the gyrators to have been purchased upon an express warranty, as follows :

"That at the time of making said order, and in consideration of the promises and agreements on the part of this defendant, and as a further inducement for placing said order with plaintiff, said plaintiff promised and agreed with defendant that said machines

would be constructed of good material, of first-class' workmanship, supplied with necessary and suitable fixtures, and in all respects suited for the work intended.''

He also alleged a breach of this warranty by reason of defects in the machinery, and demanded damages in consequence thereof. There arises in the case no question of fraud or misrepresentation.

At the trial parol evidence of an express warranty and its terms was offered and received, and the existence of the same found by the jury. The trial resulted in an award to defendant of both general and special damages, caused by unseasoned materials used in the construction of the machines, rendering them defective. Such damages not being equal to the purchase-price, plaintiffs had judgment in a small sum, and, being dissatisfied therewith, bring error.

From the statement made, it is apparent that a determination of this case depends upon the effect given the order and acceptance quoted. Do these constitute such a contract in writing as to preclude defendant from showing by parol evidence the existence and terms of an express warranty independent of such writings, and from a recovery thereon? If so, error was committed on the trial in the reception of oral evidence offered to support the allegations of express warranty pleaded; and, also, in the instructions given to the jury permitting a recovery based thereon, as it is quite clear there are no words of express warranty contained in the order or acceptance.

The general and familiar rule excluding parol evidence is clearly stated in 28 American and English Encyclopedia of Law, page 794, as follows:

''It is a general rule that parol evidence cannot be admitted to control, vary, add to or contradict the

terms of a written contract. When, therefore, the contract of sale is in writing, its terms are conclusive as to the existence and extent of express warranties made before or at the time of the sale, and evidence of oral agreements cannot be admitted to set up additional warranties or to vary those existing. The parties must be presumed to have included all the terms of the agreement in the written instrument, and the written warranty cannot be limited, extended or varied by parol proof. And this rule applies where the writing contains only a warranty of soundness and the parol evidence relates to a warranty of title."

In the case of *Rodgers v. Perrault*, 41 Kan. 385, 21 Pac. 287, this court held:

"Where a sale of a chattel is consummated by a written bill of sale which contains a description of the property, the receipt for the purchase-money, and a warranty of title, *held*, parol evidence inadmissible to prove an additional parol warranty of the soundness of such chattel."

In the opinion in *Willard v. Ostrander*, 46 Kan. 591, 26 Pac. 1017, quoting from the supreme court of Mississippi, in *Wren v. Hoffman*, 41 Miss. 619, it was said:

"When parties have deliberately put their engagements in writing, it is conclusively presumed that the whole contract, and the entire extent of their undertakings, were reduced to writing; and oral testimony of a previous, contemporaneous or subsequent *colloquium* is rejected, as it would tend to substitute a new contract for the one really agreed on."

It is contended by counsel for defendant in error that it is apparent that the written order and its acceptance do not embrace and were not intended to embrace the whole contract; that the same constituted but memoranda of the transaction, and that, in consequence, the general rule does not obtain. In *Safe and Lock Co. v. Huston*, 55 Kan. 104, 39 Pac.

1035, a case very similar in point of fact and princi-ple received the consideration of this court.  It was there held :

"Plaintiffs ordered from the defendant a No. 4 fire-proof safe.  The order was in writing.  It contained no reference to a warranty.  A safe was delivered in compliance with the order, and received and used by the plaintiffs in which to store valuable papers.  The building in which it was kept was afterward destroyed by fire, and some of the contents of the safe were con-sumed.  *Held*, (1) That parol evidence was inadmissi-ble to prove a warranty made at the time the order was given ;  (2) that the words 'fire-proof safe' do not imply a warranty of the quality of the safe, or that it will protect its contents from fire for any defi-nite period, or under any given circumstances."

In that case, as in this, a manufactured article of trade was sold by the one party and purchased by the other upon a written order containing no words of ex-press warranty.  In that case the acceptance of the proposition made in the order was accomplished by the delivery of the article purchased—in this, by the letter of acceptance.  This letter of acceptance con-cluded the contract.  By the terms of the order, when accepted, J. B. Ehrsam & Sons obligated themselves to furnish defendant, free on board cars at East St. Louis, the machines specified in the written order, and defendant obligated himself to receive and pay for the same.  Nothing remained to complete the contract save the delivery of the machines in accord-ance with its terms.  The terms of the contract, the extent of the obligation undertaken by the parties, are embodied in and limited to what is expressed in the writing, and, as no words of warranty are em-ployed, it will be conclusively presumed that no war-ranty was intended or existed.

In the case of *Thompson v. Libbey*, 34 Minn. 374, 26 N. W. 1, the test applied to determine whether the parties have committed their engagements to writing is laid down as follows :

"The only criterion of the completeness of a written contract as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is conclusively presumed that the parties have introduced into it every material term, and parol evidence cannot be admitted to add another term, although the writing is silent as to the particular one to which the parol evidence is directed.

"Where the parties have reduced a contract to writing, in order to warrant the introduction of parol evidence of a matter as collateral, it must relate to a subject distinct from that to which the writing relates."

In that case, following *Jones v. Alley*, 17 Minn. 292, it was further held that, "in case of a sale of personal property, a warranty of its quality is not a separate and independent collateral contract, but one of the items or terms of the contract of sale."

In the case of *Millett v. Marston*, 62 Me. 477, it was held :

"Parol evidence is inadmissible to prove a contemporaneous agreement that a written instrument which appears upon its face to be duly executed, intelligible, unambiguous, reasonable and complete should be considered only as the basis or outline of a contract to be subsequently filled out with stipulations other than those contained in the writing."

In the case of *American Manuf'g Co. v. Klarquist*, 47 Minn. 344, 50 N. W. 243, the court ruled :

"A written order for goods (elevator and engine) to be sent and put up, specifying the price and terms of payment, a condition as to the title remaining in

the vendor until payment should be made, with other provisions, the property having been sent pursuant thereto, and appropriated and used by the purchaser, held to be on its face a complete contract, binding upon the purchasers, and excluding proof that the prior oral agreement was different therefrom.''

An examination of the authorities renders it plain th t the contract of sale in this case was made in writing and is so full and complete as to preclude the introduction of parol testimony for the purpose of showing the existence and terms of the express warranty, the breach of which is made the basis of defendant's cross-demand, and upon which recovery was had in this action. It follows that the trial court erred in the admission of parol evidence tending to show the existence and terms of an express warranty not contained in the written contract.

Much is said and many authorities are cited and quoted from in the briefs of counsel upon the law applicable to implied warranties. This, however, in this case is unimportant. The ground of affirmative relief upon which defendant relied for recovery, and upon which the court by its instructions permitted a recovery to be had, was expressly based upon the existence of an express, and not an implied, warranty. In consequence, defendant's right of recovery was governed by the rules of law appertaining to express, and not implied, warranties. Had the defendant based his action for affirmative relief upon the existence of an implied warranty, and had the trial court submitted this theory of the case to the jury, the argument so made would have been applicable to such a case, but cannot be given weight here.

It follows that the judgment must be reversed and the case remanded for a new trial.

All the Justices concurring.