O. L. THISLER *et al.* v. W. H. MACKEY, JR., *et al.*

No. 12,637.   (70 Pac. 334.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE— *Contemporaneous Agreement—Oral Evidence.* The express engagement to pay contained in a promissory note of the usual form constitutes such instrument a complete contract, importing on its face an absolute obligation as to which a reservation of right not to pay is contradictory. Therefore, oral evidence of a contemporaneous agreement to surrender the note without payment, in rescission of the contract pursuant to which it was given, is inadmissible.

Error from Geary district court; O. L. MOORE, judge. Opinion filed October 11, 1902. Reversed.

*Hurd & Hurd*, and *Edward C. Little*, for plaintiffs in error.

*J. R. McClure, Humphrey & Humphrey*, and *Roark & Roark*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action on a promissory note. The answer of the defendants admitted the execution of the note, but averred that it was given to

evidence and secure part of the purchase-price of a horse sold by plaintiffs to defendants; that contemporaneously with the agreement to purchase and the execution of the note, and as part of the consideration for the transaction, the plaintiffs agreed that when the horse became four years old they would rescind the contract, if defendants so desired, and would accept a return of the animal, and would cancel and surrender the note. The jury found a verdict for the defendants, and in addition thereto made answers to special questions as follows:

"Ques. 1. At the time of the delivery of the stallion Kepi to the defendants by the plaintiffs, did the plaintiffs also deliver to the defendants a writing warranting the horse to be a reasonably sure breeder? Ans. Plaintiffs did give a written guaranty to defendants warranting from fifty-two to fifty-seven per centum of breeding qualities.

"Q. 2. Was there any written contract in connection with the sale and purchase of said stallion Kepi other than the three promissory notes of $400 each, and the paper relating to the breeding qualities of the horse? A. No.

"Q. 3. Did the plaintiffs at any time agree in writing that they would take back the horse Kepi when he should become four years old? A. No.

"Q. 4. How long after the defendants purchased the horse Kepi before he became four years old? A. Between thirteen and fourteen months after.

"Q. 5. Did the defendants decline to take the reponsibility of returning the horse Kepi to the plaintiffs' stock ranch, near Chapman, on account of warm weather? A. We find the defendants did not decline to, but would rather not, take the horse Kepi to the plaintiffs' ranch in the warm weather.

"Q. 6. Did the defendants ever return the horse Kepi to plaintiffs? A. No.

"Q. 7. Did the paper delivered to the defendants with the stallion Kepi contain the following provi-

sion : 'We hereby guarantee that, with proper treatment and handling, the said stallion will prove a reasonably sure breeder ; and in case he should prove unsatisfactory upon fair trial, we agree that he may be returned to our stables, and, if as sound and in as good condition as when he leaves here, exchanged for another horse at fair cash value.    The above and foregoing agreement shall be construed as a special warranty, and as embracing in its terms the full extent of our liability in case of a breach thereof' ?    A.  No.''

The plaintiffs moved for judgment on the foregoing findings, notwithstanding the verdict.    This motion was denied, and judgment rendered for the defendants, to reverse which error has been prosecuted to this court.

It will be observed by the findings above quoted that the only writings executed by the parties were the notes of the defendants, and the plaintiffs' guaranty of the breeding capacity of the horse.    The agreement of rescission, if made, was not in writing. The defendants, on the trial, did not claim that it was in writing, but admitted that it was oral.    Such being the case, the defense was not maintainable.    An unbroken line of decisions by this court sustains the proposition that oral evidence of agreements made contemporaneously with the execution of promissory notes or other written obligations is inadmissible to contradict, vary or add to the terms of the engagement.    (*Drake v. Dodsworth,* 4 Kan. 160 ; *Barnett v. Williams,* 7 id. 341 ;  *Cornell v. St. L. K. & A. Rly. Co.,* 25 id. 613 ; ' *Hopkins v. St. L. & S. F. Rly. Co.,* 29 id. 544 ; *Rodgers v. Perrault,* 41 id. 385, 21 Pac. 287 ; *Willard v. Ostrander,* 46 id. 591, 26 Pac. 1017 ; *McMullen v. Carson,* 48 id. 263, 29 Pac. 317 ; *Safe & Lock Co. v. Huston,* 55 id. 104, 39 Pac. 1035, 28 L. R. A. 53 ; *Bank v. Manning,* 60 id. 729, 57 Pac. 949 ;

Thisler v. Mackey.

*Trice v. Yeoman*, 60 id. 742, 57 Pac. 955 ; *Railroad Co. v. Price*, 62 id. 327, 62 Pac. 1001, 84 Am. St. Rep. 392 ; *Ehrsam v. Brown*, 64 id. 466, 67 Pac. 867.) ·

The above-cited decisions are only in affirmation of the fundamental rule with which all are familiar, and with application to the special facts of each particular case.   The counsel for defendants in error do not, of course, dispute the existence of the rule stated.   Their claim is that the oral agreement to which their clients testified, on the strength of which, evidently, the jury found in their favor, was independent of and collateral to the main engagement, and therefore not in contradiction of it ; or, as stated by them in 'another form, that the complete transaction consisted of reciprocal promises, a part only of which the parties saw fit to reduce to writing, and that the omitted part might properly exist in parol without infringing on the rule in question.   It is hence argued, on the strength of remarks made in *Trice v. Yeoman*, supra, that ''parol evidence is admissible to complete the proof of any kind of agreement which has been only partially reduced to writing, the added portion being in completion, and not in contradiction, of the writing'' ; and as a claimed instance of the character of case falling within such rule and parallel to the one at bar, *Babcock v. Deford*, 14 Kan. 408, is cited.   That case is not similar in point of fact to this one.   In that case it appeared that the following written order for merchandise had been made :

''*Leland A. Babcock, M. D., Freeport, Ill.* :

''DEAR SIR—Please send *us six* of your pure solid silver uterine supporters, as follows, towit : . . . at *ten dollars* each, on *six months'* time, with printed matter.   Very truly yours,   D. DEFORD & Co.

''OTTAWA, KAN., February 3, 1873.''

Suit was brought on the above order, alleging it to

be a contract of purchase, and that the purchase-price of the goods had not been paid. It was held that oral evidence of a contemporaneous agreement to take the goods back was admissible in defense, for the reason that "the writing does not in terms assert an absolute purchase or contain an express promise to pay." As stated by the court in that case, a promise to pay was implied from the receipt and retention of the goods; but it was an implication existing in parol, and therefore might be rebutted by parol. Such a writing as the one above quoted, containing no express agreement of purchase nor obligation of payment, but leaving both these elements of the contract to inferences, derivable in part from its terms and in part from subsequently occurring circumstances, is entirely different from the absolute and irrebuttable engagement to pay contained in a promissory note. The writer of the opinion in *Babcock v. Deford*, supra, unfortunately allowed himself to indulge in the expression of an opinion beyond any necessary statement of the law of the case before him, which has, perhaps, misled the counsel for defendants in error. Said he: "Though the writing in terms asserted an absolute purchase and contained an express promise to pay, it would still be consistent with an agreement to repurchase. Both might have been made at the same time and both expressed in writing, or one in writing and the other in parol." The writer of the present opinion takes occasion for himself to repudiate the above expression of view, as being not only *dictum* of the baldest kind, but bad *dictum* at that. It is not even the law of the supposititious state of facts in respect of which it was written.

The general subject of oral evidence to attach conditions to the terms of written contracts was recently

exhaustively considered by Mr. Justice POLLOCK in an opinion in which we all fully concurred, and the law was stated as follows : ''Whether parties have committed their entire contract to writing is a question for the determination of the court.   In this determination the writing itself is the guide.   If, on its face, it imports to be complete, that is, if it contains such language as imports a complete legal obligation between the parties, it is complete, and parol evidence will not be admitted to extend its obligations to cover matters on which the writing is silent.''  (*Ehrsam v. Brown*, supra.)

Now the express condition to pay, contained in a promissory note of the usual form, such as the one in question in this case, constitutes such writing a complete contract, importing on its face an absolute obligation, as to which a reservation of right not to pay is entirely contradictory.   Therefore, oral evidence of a contemporaneous agreement to surrender the note without payment in rescission of the contract pursuant to which it was given is not admissible.

The judgment of the court below is reversed, with directions to enter it for the plaintiffs on the findings of the jury.

All the Justices concurring.