JOHN L. PAGE v. THE GEISER MANUFACTURING COMPANY, a Corporation.

(Filed September 5, 1906.)

1. EVIDENCE—Oral—Contracts. An oral agreement, which alters an agreement in writing, is not valid or binding unless such oral agreement is executed; and proof of its existence is not competent to vary the terms of a written instrument.

2. SAME—Admissions. Where a party to an action makes a solemn admission against his interests in a pleading, in the absence of mistakes on his part or on the part of his counsel who inserted them in such pleadings, a court, in passing upon the sufficiency of a subsequent amended pleading filed by him, should take such admissions into consideration and treat them as admitted facts in the case.

3. SAME—Same. In the original answer it was admitted that the Geiser Manufacturing Company sold one Johnson certain threshing machinery, upon the condition that Johnson obtain a note from one Page to be used as a part of the purchase price; that Page executed and delivered his note to Johnson for that purpose upon Johnson's verbal agreement to thresh Page's grain, at the customary price, in an amount equal to the face of the note. In the amended answer it was alleged, as a defense, that Johnson failed to perform his part of the contract, and that therefore the note was given without consideration: **Held:** That Page cannot, because of Johnson's default to him, escape his liability to the company; and that, in view of the admissions made, a motion for judgment on the pleadings was properly sustained.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*Mackey & Mackey,* for plaintiff in error.

*Sam P. Ridings,* and *J. B. Van Deren,* for defendant in error.

## STATEMENT OF FACTS.

This action was brought to recover on a promissory note in the probate court of Grant county, Oklahoma Territory, and from there appealed to the district court of said county.

The note sued upon, is in words and figures, as follows:
"$75.00                    Pond Creek, Oklahoma, June 3, 1903.

"September 1st, after date, for value received, I promise to pay to the order of S. L. Johnson, Seventy Five Dollars ($75.00), at the Walton Bank in Pond Creek, Oklahoma with interest at 12 per cent per annum, after date, until paid. If the interest is not paid when due, to become as principal and bear the same rate of interest. The makers and endorsers of this note severally waive presentment for payment notice on non-payment, protest, and notice of protest, and consent that time of payment, may be extended without notice thereof, and waive all exemptions that may be allowed by law.

"JOHN L. PAGE.
"(Endorsed on back): S. L. JOHNSON."

Page admitted the execution and delivery of the note sued upon, but alleged in his original answer, substantially, that during the spring of 1903 the Geiser Manufacturing Company, a corporation, sold to S. L. Johnson, payee, a threshing machine upon the condition that Johnson obtain from the farmers residing in the vicinity their individual notes as payment, in advance, for their threshing for that season, to be used as a part of the purchase price of the machine; and that, at the request of the machine company, Johnson represented to Page that, if the farmers would give their notes for the estimated amount of their threshing to be by him assigned to the machine company as a part of the purchase price of the machine, the machine company would

furnish him with a good threshing machine, well adapted and equipped in every way to do the work for which it was intended, and that by such an arrangement the farmers, with whom he contracted, could have their threshing done, at the customary price, early in the season; that relying upon those representations, Page, with numerous farmers residing in the vicinity, gave their notes to Johnson with the understanding that, while they were drawn in form, payable to him, yet, in fact, they were made payable to the machine company, as a part of the purchase price of the machine; and that Johnson was to thresh their grain, and the proceeds thereof to go to the company to be by it accepted in full payment of the notes; that the machine company sold to Johnson, under the above agreement, a machine which did not fill the warranty, and was not, as represented, fit to perform the work of threshing grain; and that when Johnson came to the premises of Page to thresh his grain, he stated that the machine was not working properly, and that Page would have to pay and board the hands, and furnish fuel. This Page agreed to do, and did, the expense thus incurred being equal to his threshing bill; and that by reason thereof he was not indebted to the machine company on his note assigned to it by Johnson.

On the 23rd day of February, 1904, the cause was tried in the probate court and judgment rendered in favor of the plaintiff and against the defendant in the sum of $79.50, the amount claimed, and costs of suit. Page then appealed to the district court, filed his amended answer, complete in itself, abandoned all claims of liability of the machine company, for failure to furnish Johnson with a machine as warranted, and, also, its liability as a guarantor of Johnson's

contract with Page, admitted the execution and delivery of the note; but alleged, substantially, that it was given to Johnson in consideration of an executory contract whereby Johnson agreed to thresh his grain, free and clear of all expense to the amount of said note, and had failed to do so, and that, by reason thereof, the note was without consideration. The defendant in error filed its motion for judgment on the pleadings, which was sustained, judgment being rendered in favor of the defendant in error, to all of which the plaintiff in error excepted, and brings his case here for review, alleging error in said judgment.

Opinion of the court by

GARBER, J : In determining the motion for judgment on the pleadings plaintiff in error, in the absence of mistake, is bound by the admissions made in his original answer, which must be considered and treated as admitted facts in the case.

"Where a party to an action makes solemn admission against his interests in a pleading, in the absence of mistakes on his part or on the part of his counsel who inserted them in such pleading, a court, in passing upon the sufficiency of a subsequent amended pleading, filed by him, should take such admission into consideration and treat them as admitted facts in the case." *The Lane Implement Co. v. L. R. Rowder and J. H. Manning,* 11 Okla. 61.

Section 829, art. 5. chap. 15, Wilson's statutes provides :

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

And sec. 781, Wilson's Statutes, provides:

"The execution of a contract in writing whether the law requires it to be written or not supersedes all the oral nego-

tiations or stipulations concerning its matter, which precedes or accompanies the execution of the instrument."

The agreement alleged to have been made at the time the note was given whereby Johnson agreed to do Page's threshing at the customary price, and that whatever his threshing bill amounted to, under those terms, would be the extent of his liability on the note, was not in writing; neither was it an executed oral agreement, and, therefore, could not be permitted to add to, subtract from, or vary the terms of the written contract expressed in the note, which was complete in itself and given for a sufficient consideration. 7 Cyc. 712 and authorities therein cited.

The promise in the note to pay the amount therein stated was without condition or reservation, and absolute. The oral contract alleged to have been made at the time was not an executed oral agreement, but was contingent, and wholly dependent upon the occurrence of future events, which were not referred to in its conditions. It was, therefore, void and, under the statute, could not be set up to contradict or change the conditions of a written instrument.

"An oral agreement which alters an agreement in writing is not valid or binding, unless such oral agreement is executed, and proof of its existence is not competent to vary the terms of a written instrument." *John Neverman, et al v. The Bank of Cass Co.*, 14 Okla. 417.

In *Thistler, et al. v. Mackey, et al.*, 65 Kans. 464, 70 Pac. 334; the court held:

"An unbroken line of decisions of this court sustains the proposition that oral evidence of agreements made contemporaneously with the execution of promissory notes or other written obligations is inadmissable to contradict, vary, or add to

the terms of the engagement.***   The express agreement to pay, contained in a promissory note of the usual form, such as the one in question in this case, constitutes such writing, a complete contract, importing on its face an absolute obligation, as to which a reservation of right not to pay is entirely contradictory, therefore oral evidence of a contemporaneous agreement to surrender the note without payment in rescission of the contract pursuant to which it was given is not admissible. *Allen v. Furbush,* 4 Gray 504; *Banks v. Manning,* 60 Kans. 729, 57 Pac. 949; *Trice v. Yoeman,* 60 Kans. 742, 57 Pac. 955; *Walker v. Price,* 62 Kans. 327, 62 Pac. 1001, 84 Am. St. Rep. 392; *Ehrsam v. Brown,* 64 Kans. 466, 67 Pac. 67."

In his original answer Page alleged  that the machine company sold the machine to Johnson upon the express condition that he obtain individual notes, in advance, from the farmers residing in the vicinity for the  amount  of  their threshing, and that their notes thus obtained, including the note sued upon in this action, were executed, and delivered with that understanding, and were assigned by Johnson to the machine company as a part of the purchase price; and that upon receipt of the notes, the machine company delivered the machine to Johnson.   To the extent of his note Page thereby became a guarantor of the purchase price of the machine; and the new contract alleged to have been made with Johnson after the note had been assigned and the machine, delivered, whereby Page was compelled to pay for the labor performed and coal used in threshing his grain, in the absence of an allegation that the machine company was a party to the contract or a guarantor, would not render it liable for failure of performance by Johnson.

In the case of *Terwilliger v. Richardson Machine Company,* 83 Pac. 715, 15 Okla. 644, Gillette, J., speaking for the court says:

"It is urged by the counsel for plaintiffs in error that the consideration for which the notes sued on having wholly failed, and the company having received the same with knowledge of what the consideration was, it was not an innocent purchaser for value, and was not therefore entitled to recover in this action. This contention can not be sustained. The note sued on was given by Terwilliger without condition expressed in the note. It was a plain note of hand for value received, due, September 1st, after its date, May 5th. The company demanded security for a time sale of certain threshing machinery sold to Pease the purchaser, and Pease gave the security demanded, which was in part the note in question.

"Terwilliger executed it with full knowledge that it was to be delivered to the company as collateral security for the sale of the machinery about to be made to Pease. To that extent Terwilliger was a party to and induced the sale. The company may have known what consideration was moving from Pease to Terwilliger, and that the note was only a promise for a promise. The company, however, was not a party to any agreement between Terwilliger and Pease, except to the extent that in consideration of the execution and delivery of Terwilliger's note as collateral, the machinery would be sold to Pease. This consideration was fully carried out by the company, and when carried out, Mr. Terwilliger was thereafter liable upon his contract. The company not being actually, or impliedly, a guarantor that Pease would perform his verbal agreement with Terwilliger, it can not be held liable for his, Pease's failure to perform such agreement. Under the agreed statement of facts in this case, Terwilliger was in effect the guarantor of Pease's contract with the company to the extent of the note in question, in consideration of the sale of the machinery, and cannot

because of Pease's default in his promise to him, withdraw from his liability as such guarantor."

All claim of liability on the part of the machine company having been abandoned by Page in his amended answer, the failure of consideration from Johnson, relied upon as a complete defense in this action, is not available in view of the admissions that the note sued upon was given by Page to Johnson for the express purpose of being used by him as a part of the purchase price of the machine, and which it is admitted was sold and delivered by the defendant in error according to the terms of the contract, long prior to Johnson's alleged default to Page.

The judgment of the district court will, therefore, be affirmed.

All the Justices concurring.