No. 18,706.

EMELY VAN FOSSAN, as Administratrix, etc., *Appellee,* v. S. T. GIBBS et al., *Appellants.*

SYLLABUS BY THE COURT.

UNCONDITIONAL PROMISE TO PAY—*Not Affected by Prior Oral Agreement.* An unconditional promise in writing to pay a certain sum of money at a fixed time can not be defeated by parol evidence of a prior or cotemporaneous oral agreement that the obligation, which was not otherwise assailed, was to be paid out of profits of a business to be launched by the use of money for which it was given.

Appeal from Cowley district court; CARROLL L. SWARTZ, judge. Opinion filed March 7, 1914. Affirmed.

*C. T. Atkinson,* and *E. H. Koehl,* both of Arkansas City, for the appellants.

*John Parman,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action upon an instrument whereby the makers promised to pay Austin Van Fossan and A. J. Miller $300, six months after date. It was signed by the defendants and several others, described as members and shareholders of the Arkansas City, Kan., branch of the Socialist Commercial Industrial Coöperative Association of America. Following the usual form of a promissory note is a statement that it is given to purchase property, described, consisting of the furnishings and tools of a retail meat market, the title to which is to remain in the payee until the note is paid.

It appears that Van Fossan deposited $300 in a bank to be used in buying the necessary tools, etc., with which to carry on the business. This note was then drawn payable to him and A. J. Miller, signed by twelve of the sixty members, and delivered to Van Fossan. Thereupon Miller, who was at first chairman of the association and afterwards bookkeeper, checked out the money, paid for the property, and then indorsed the note to Van Fossan. Miller really had no interest in it. The business failed, the property was sold, and the proceeds applied on the note.

The defendants sought to prove that it was agreed that the note should be paid out of the profits of the business of the association. Evidence of such an agreement, however, was held immaterial, and that defense was withdrawn in the instructions.

The instrument was an unconditional promise to pay money at a certain time, lacking, however, the quality of negotiability, because of the omission of the words "or order" or "or bearer." (Neg. Inst. Law, § 8, Gen. Stat. 1909, § 5254.) Oral evidence that it was

not to be paid until profits sufficient for that purpose were made out of the business would contradict its terms and could not be admitted as a defense. (*Railway Co. v. Truskett,* 67 Kan. 26, 72 Pac. 562; *Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334; *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867; *Trice v. Yoeman,* 60 Kan. 742, 57 Pac. 955; *Milich v. Armour,* 60 Kan. 229, 56 Pac. 1; *Benner v. Luth,* 28 Kan. 581.)

The rule is thus stated in section 2425 of volume 4 of Wigmore on Evidence:

"When a legal act is reduced into a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act."

The defendants also claim that they signed the instrument upon an oral agreement with the payees that it was also to be signed by all the members of the association, and unless that were done it should not take effect as a valid obligation. The district court held that such an agreement would be a defense, and submitted to the jury the question of fact whether it had been so agreed. It was an undisputed fact that all the members had not signed, but there was a substantial conflict in the evidence whether such an agreement had been made. Upon this conflicting evidence the jury found for the plaintiff. The only defense therefore failed, and the judgment is affirmed.