No. 18,843.

WILLIAM C. LITTLE, *Appellant,* v. J. S. LIGGETT, *Appellee.*

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Ambiguous and Incomplete—Parol Evidence to Explain and Supplement and to Show it Was to Take Effect Conditionally.* The doctrine of the case of *Babcock v. Deford,* 14 Kan. 408, permitting an ambiguous and incomplete contract to be explained and supplemented by parol evidence, and the doctrine of *Stroupe v. Hewitt,* 90 Kan. 200, 113 Pac. 562, permitting the introduction of parol evidence to show that a contract was not to take effect until the ascertainment of some fact, applied to an application for a loan containing a notation with respect to the commission for securing the loan, in a suit for the commission.

25—92 KAN.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 9, 1914. Affirmed.

*John W. Adams, George W. Adams, Kos Harris,* and *V. Harris,* all of Wichita, for the appellant.

*D. M. Dale, S. B. Amidon,* and *Jean Madalene,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to recover a commission for obtaining a loan which the proposed borrower declined to accept.

Little was president of the Wichita Loan and Trust Company. Liggett owned vacant lots in Wichita upon which he desired to erect a three-story fire-proof business building, to be constructed and equipped according to modern design and method. Preliminary estimates indicated that a building such as he had in mind could be erected for $55,000. His resources were such that if the building cost more he could not undertake its construction, and at those figures he would need a loan of $40,000. The situation was discussed with Little, who took an application to his company for the loan. It was orally agreed, however, that if the cost of the building, when definitely ascertained, should exceed the preliminary estimate no loan should be made, and if none were made no commission should be paid. At that time formal plans and specifications had not been prepared. When this was done and bids for the construction of the building were solicited the bids ranged from $65,000 to $79,000. In the meantime the loan and trust company presented the application to a New Hampshire banking company, which agreed to make the loan. Liggett declined to take the loan, and Little, as assignor of the loan and trust company, sued for a commission. He was defeated by proof of the oral agreement, and appeals.

Little v. Liggett.

The application for the loan was made on a blank form provided by the loan and trust company. Under the caption, "APPLICATION FOR CITY LOAN," appeared the following:

"I, the undersigned, John S. Liggett, of Wichita, (Post Office), County of Sedgwick, State of Kans. do hereby appoint W. L. & T. Co. my agent to procure a loan for me of Forty Thousand Dollars, for term of Five years, at 5½ per cent, per annum, 1000 com. 150.00 cash, 300.00 one year, 550.00 two years, interest to be paid semi-annually, principal and interest payable at such place as the lender may direct, and secured by First Mortgage of approved form on real estate hereinafter described."

Following this matter appeared the usual series of questions and answers covering many subjects supposedly pertinent to applications for loans on city property. The printed form of application which was used contemplated an agreement to accept the loan applied for and an agreement to pay for services in procuring it in case it should not be accepted, but because the proper blanks were not filled those engagements were eliminated.

The plaintiff argues that the written application constituted a contract which so clearly and definitely expressed all the results of the negotiations of the parties that it could not be explained or supplemented by parol evidence.

The court interprets the instrument as an application to be presented to investors as the basis for negotiating a loan. It is uncertain and ambiguous. Thus the provision, "1000 com. 150:00 cash, 300.00 one year, 550.00 two years," might well relate to the terms of the loan, in the midst of which it is found, and not to the terms of the agency. The instrument is also incomplete. There is no express promise to accept a loan if one were obtained or to pay for services in obtaining a loan, although the paper contained matter drawing the attention of the parties to those subjects. While

the law might attach. such obligations to the application, the instrument itself does not declare them.   The result is that extrinsic evidence was proper to show with certainty the full and true intention of the parties. The parol evidence produced did not contradict anything that was written.   Authority to negotiate a loan, the amount of commission and the terms of payment were not disputed, but they were supplemented by conditions which were agreed to contemporaneously with the things set down in the application, and which were not proper to be inserted in the application, considering the use to be made of it.

Thus far the application has been regarded as taking effect at the time it was signed, and the opinion of the court delivered by Mr. Justice Brewer in the early case of *Babcock v. Deford,* 14 Kan. 408, is decisive of the controversy.   The doctrine of this case has been approved and applied in many subsequent decisions.   The distinction between such cases and cases like *Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334, in which the defense was that the express and unconditional promise to pay contained in a promissory note was conditional, is obvious.   The evidence and special findings of the jury are open to another interpretation, however, equally conclusive against the plaintiff.

The defendant testified, in substance, that when the subject of a loan was discussed with the plaintiff he had nothing but a preliminary estimate of the cost of the contemplated building; that this estimate was not made by an architect, but was simply a lump guess and was unsatisfactory; that he intended to have building plans made; that he could then tell whether or not he could build for so much money as he could afford; that he did not care to go to any expense so far as a loan was concerned until he could see whether he was going to build; that all this was talked over with the plaintiff, and that, yielding to the solicitation of the plaintiff, he

signed the application on that basis. From this testimony the jury made the following findings:

"Was the application for the Forty Thousand ($40,000.00) Dollar loan conditioned that the same would build the contemplated building on the lots in question? Ans. Yes.

"Did the defendant employ the Wichita Loan & Trust Company to procure the loan for him of $40,000.00 at 5½% interest on the real estate owned by defendant? Ans. Yes—provided that building could be constructed for $55,000.00.

"Did the defendant agree to pay the Wichita Loan & Trust Company $1000.00 commission for procuring a loan for him of $40,000.00 bearing 5½% interest at 5 years? Ans. Yes—provided building contemplated was constructed."

Since the application and the agency which it created were conditioned upon the definite ascertainment of the cost of the building, the decision in the case of *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562, applies:

"A contract can not be varied until there is a contract, and there is none until it takes effect. Evidence that a writing purporting to be an agreement is not to take effect until the happening of some event or the ascertainment of some fact may be received, not to contradict the writing, but to show when it took effect, or that it never took effect." (p. 203.)

This ends the case. The controlling facts were those found specially by the jury, and the findings are unaffected by any of the assignments of error other than that the parol evidence on which they were based was not admissible.

The judgment of the district court is affirmed.