No. 19,274.

W. P. KNOTE, *Appellant*, v. CHARLES BENSE and EUNICE BENSE, *Appellees*.

SYLLABUS BY THE COURT.

WRITTEN INSTRUMENTS—*Parol Testimony Inadmissible to Alter or Vary Terms*.   The rule followed that parol testimony is not admissible to alter the terms of a written instrument.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge.   Opinion filed February 6, 1915.   Reversed.

*John W. Adams*, and *George W. Adams*, both of Wichita, for the appellant.

*P. D. Gardiner*, of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:   On July 9, 1913, W. P. Knote of Douglass, Kan., brought an action in the city court of Wichita against the appellees to recover the sum of

$111 alleged to be due him as evidenced by the following instrument in writing:

"$89.            DOUGLASS, KANSAS, Apr. 21, 1910.

"On or before the 21 day of April, 1911, for value received in settlement, I, we, or either of us promise to pay to the order of W. P. Knote, Douglass, Kansas, with interest from date payable at W. P. Knote's office, in Douglass, Kansas, with interest from date at the rate of 8 per cent annually until paid.  The undersigned hereby waives all benefit of exemption laws of Kansas.

"For consideration mentioned above the undersigned hereby sells and conveys to W. P. Knote the following property, to wit: All our personal property on condition, however, that if this note or mortgage shall be paid on or before the maturity thereof, then this mortgage to be void, otherwise in full force.  And it is further agreed that in case of failure to pay the amount due hereon at maturity or whenever W. P. Knote may deem himself insecure, then he may take said property wherever found by virtue of this mortgage, and sell same at private or public sale as by law provided; the proceeds of said sale after deducting all expenses, to be applied to this note and mortgage, and any balance then unpaid shall be a valid and subsisting claim against the maker hereof.      CHAS. BENSE,
                                    EUNICE BENSE."

The appellees admitted the execution and delivery of the note, but denied that they were indebted to the appellant and alleged that it had been paid and satisfied.  They further answered that prior to the date of the note they were indebted to appellant on a certain promissory note for $118.40, which was secured by a chattel mortgage covering certain buggies, harnesses, farming machinery and live stock; that certain payments had been made upon said note, and that there was a balance of $89 due the appellant on April 21, 1910, on which date it was agreed between the parties that the appellees were to turn over to appellant a wagon, buggy and certain harness in full satisfaction of such balance of indebtedness.  On April 21, 1910, the

note for $118.40 was canceled and delivered to appellees, and at the same time they executed to appellant the instrument above; but they allege it was executed as a memorandum of the balance due appellant and that it was agreed that it should be returned to them upon the delivery of the wagon, buggy and harness. In May of that year the appellees delivered the buggy, and about the same time the appellant called at appellees' home and took away the wagon and harness.

From an adverse judgment in the city court the case was appealed to the district court, and on a jury trial the appellees again prevailed.

Only one of the assignments of error is worthy of attention, but it is serious. Appellant complains that the trial court erred in permitting appellees to prove by oral testimony that the note was not to be paid in cash but was to be paid by the delivery of certain property. An inspection of the note fairly shows, though not very accurately, that it was to be paid in cash. The mortgage recitals are also rather crude, but they fairly appear to pledge all the appellees' personal property to the payment of the note. Whether the instrument is in need of parol testimony to explain any indefiniteness or not, it was error to permit testimony to alter its positive terms. And it appears that this error runs throughout the case, not only in the admission of testimony, but by inference at least it crept into the instructions. This is at variance with *Drake v. Dodsworth,* 4 Kan. 159, and an unbroken line of decisions of this court down to *Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334, and *Van Fossan v. Gibbs,* 91 Kan. 866, 139 Pac. 174, and we are reluctantly constrained to reverse and remand this case for further proceedings.