No. 20,235.

THE COMMERCIAL NATIONAL BANK, *Appellee,* v. THE HUTCHINSON BOX BOARD & PAPER COMPANY and EMERSON CAREY, *Appellants.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Parol Contemporaneous Contract Invalid.* A parol contract made at the time of or previous to the execution of a negotiable promissory note can not be pleaded nor proved to show that the note was not to be paid at maturity but was to be extended for a definite period.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed June 10, 1916. Affirmed.

*F. Dumont Smith,* of Hutchinson, for the appellants.

*Frank L. Martin, Van M. Martin, William G. Fairchild,* and *Howard S. Lewis,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment on a negotiable promissory note. The defendants appeal.

For a statement of the facts in this case and of the questions involved, we quote from the defendants' brief, as follows:

"On December 30, 1914, the appellee filed its petition against the appellants, declaring on five promissory notes of different dates, executed by

the defendants.  On April 6, 1915, the defendant, The Hutchinson Box Board & Paper Company, which will be hereinafter referred to as the Paper Company, filed its answer and cross petition; and on the same day the defendant Carey filed his answer and cross petition.  The appellants set up an oral agreement between them and the appellee alleging that prior to and at the time of the execution of the first note, the appellee agreed by and with the appellants that if the Paper Company would borrow $14,000 as a revolving fund for the Paper Company, and the defendant, Carey, endorse the notes, that the notes should be made payable in ninety days, and that at the expiration of ninety days they should be renewed for another ninety days and so on for three separate renewals.  That all of the notes sued upon were executed under the same contemporaneous parol agreement.  That the defendants had offered to renew the notes under the said parol agreement; had tendered new notes and payment of the interest, but that the plaintiff disregarding its said agreement had refused to carry out the same, demanded immediate payment of the notes and had brought suit upon them before the expiration of the said parol agreement, and that thereby the said suit was prematurely brought.  Each answer also contained a cross petition, but the court at the time refused to consider the cross petition, and it is not material to this case.  Plaintiff replied to the defendants' answers by a general denial of each.  On March 27, 1915, the appellee filed its motion for judgment on the pleadings, which motion was by the court overruled.  Thereafter and on April 30, 1915, the case came on to be tried on the issues so framed to a jury.  The jury failed to agree.  On the 6th day of May, 1915, plaintiff in open court voluntarily dismissed the second, third, fourth and fifth counts of its petition as separate causes of action without prejudice, leaving the action pending on the first count.  On the same day the plaintiff filed its motion for judgment on the pleadings as to the said first count, which motion was by the court sustained and judgment rendered in favor of the plaintiff on the said count, in the sum of $5308.18 and costs.  From this judgment the appellants appealed and assign as error the sustaining of the motion for judgment and the rendering of the judgment in favor of the appellee and against the appellants.

"One sole question is presented by the record; whether the contemporaneous parol agreement to extend the notes as alleged in the answers of the appellants is valid and binding on the appellee.  This is all there is to the case."

The defendants rely largely on *Moody v. Stubbs,* 94 Kan. 250, 146 Pac. 346.  There the court said:

"Where a husband and wife execute a deed upon property owned by her and she entrusts it to her husband to be delivered as security for a note executed by him to the grantee, and the husband without her knowledge delivers it under an arrangement made by him with the grantee that the note is to be renewed from time to time, extensions of the time of payment of the debt, made in pursuance of such arrangement, but without

the knowledge of the wife, do not effect the release of her property." (Syl. ¶ 1.)

This shows facts altogether different from the facts in the present case. A principle of law was there applied altogether different from that now sought to be invoked by the defendants. The agreement for the extension of time in the Moody case was complied with. It was not set up to contradict the terms of the note. The fact that time was extended, not the agreement to extend time, was set up by Mrs. Moody for the purpose of showing that she had been released from the payment of the note.

The defendants cite a number of cases decided by this court. We have examined all of them: In *Simpson v. Kimberlin*, 12 Kan. 579; *Babcock v. Deford*, 14 Kan. 408; *Weeks v. Medler*, 20 Kan. 57; *McNamara v. Culver*, 22 Kan. 661, 670, and *Schoen v. Sunderland*, 39 Kan. 758, 18 Pac. 913, cited by the defendants, the principle that parol evidence can never be introduced to contradict or vary the terms of a written contract is recognized. In *McNamara v. Culver*, supra, this language is found:

"Evidence of the situation of the parties, the circumstances surrounding the transaction, and of independent parol agreements not conflicting with the terms of the written instruments, was competent, and we do not see that any other material testimony was received." (p. 670.)

*Drake v. Dodsworth*, 4 Kan. 159, recognizes the same principle in the following language:

"Parol evidence is not admissible to vary the terms of a written contract, especially when the parol evidence offered is concerning stipulations embraced in the written contract." (Headnote, ¶ 4, 2d. ed.)

(See, also, *Assurance Co. v. Norwood*, 57 Kan. 610, 615, 47 Pac. 529; *Thisler v. Mackey*, 65 Kan. 464, 70 Pac. 334; *Roebuck v. Bank*, 79 Kan. 862, 100 Pac. 621; *Van Fossan v. Gibbs*, 91 Kan. 866, 139 Pac. 174.)

The note provided for the positive payment of a certain sum of money at a fixed and definite time. The defendants sought to establish a parol agreement by which it was provided that payment of the note in money need not be made at maturity. This contradicted the terms of the note. This could not be done under the law.

The judgment is affirmed.