## SUMMERALL v. COVINGTON BROS. FARM LOAN & INV. CO.

No. 19089. Opinion Filed Sept. 17, 1929.

Percy Powers, for plaintiff in error.

W. B. Garrett, for defendant in error.

HERR, C. This is an action originally brought by Covington Brothers Farm Loan & Investment Company against F. H. Summerall in the justice court in the city of Mangum to recover the sum of $86.45, interest and attorney's fees on a promissory note. Defendant, Summerall, filed a written answer admitting the execution and delivery of the note, but pleaded, as a defense thereto, that subsequent to the execution and delivery thereof he entered into an agreement with plaintiff's agent that said plaintiff was to accept automobile casings in full payment and discharge thereof; that in accordance with said agreement he tendered to plaintiff five casings; that plaintiff refused to accept the same; that subsequent thereto two of the casings were stolen; and prayed that he be allowed credit on said note in the sum of $44.96, the value thereof, and further prayed that plaintiff be required to accept the remaining three casings in full settlement of the note.

The case was tried to a jury in the justice court resulting in a verdict and judgment in favor of plaintiff for the sum of $32.82. The jury evidently allowed defendant a credit on the note in the sum of $44.96, the value of the stolen casings.

Defendant, thereafter, appealed to the county court of Greer county, in which court, on motion of plaintiff, judgment on the pleadings for the entire amount claimed was entered in his favor. To reverse this judgment, defendant appeals to this court.

It is assigned as error that the court erred in rendering judgment in favor of plaintiff on the pleadings. This assignment is not well taken. The answer pleaded no defense to plaintiff's cause of action. Defendant agreed to pay the note in money and not by the delivery of automobile casings. This agreement could not be modified by an unexecuted oral agreement made between plaintiff's agent and defendant that payment might be made in automobile casings. Section 5081, C. O. S. 1921; 8 C. J. 574; 22 C. J. 1076 and 1094; Knote v. Bense (Kan.) 146 Pac. 363; Shuey v. Adair (Wash.) 51 Pac. 388; Welles v. Colorado National Life Assurance Co. (Colo.) 113 Pac. 524; Van Fossan v. Gibbs (Kan.) 139 Pac. 174; Damon v. DeBar (Mich.) 47 N. W. 216.

After plaintiff's motion for judgment on the pleadings was sustained, defendant requested that he be permitted to amend his answer, which request was by the court denied. This ruling is also assigned as error. In our opinion, there was no abuse of discretion on the part of the trial court in denying this request. It is apparent that defendant had no defense to plaintiff's cause of action, and an amendment therefore would have availed him nothing.

It is next contended that the judgment is erroneous for the reason that plaintiff failed to show that the tax on the note was paid, as provided by section 9608, C. O. S. 1921, and that the same was, therefore, not admissible in evidence. This contention is not well taken. Plaintiff did not offer the note in evidence, nor was it necessary under the pleadings that it should do so. The statutory inhibition is against the admission of the note in evidence, and does not extend to the pleadings. Cole v. Kinch, 134 Okla. 262, 272 Pac. 1017.

The judgment of the trial court is correct, and should be affirmed.

JEFFREY, DIFFENDAFFER, REID, and HALL, Commissioners, concur.

By the Court: It is so ordered.