## ADKINS v. MORGAN.

No. 23570.    Feb. 26, 1935.

Holcombe, Lohman & Barney, for plaintiff in error.

J. H. Clevenger and I. F. Long, for defendant in error.

PHELPS, J. The parties herein will be referred to as they appeared below.

R. E. Adkins, defendant, executed a series of promissory notes payable on the first day of each and every calendar month in payment of the purchase price of a motor truck. To secure the payment of these notes he executed a chattel mortgage covering the truck.

The first note fell due on May 1, 1931. He failed to pay it. The second note fell due June 1, 1931. He also failed to pay this note.

Plaintiff filed suit in the county court of Osage county to replevin and obtain possession of the motor truck under his mortgage. Replevin writ was issued and, no bond having been filed by defendant, the motor truck was delivered to plaintiff.

Defendant filed his unverified answer, the first paragraph of which is a general denial. In the second paragraph of his answer he admits the execution of the notes and mortgage, but denies default in payment. He then files cross-petition, alleging that on May 12th, after the first note became due, he entered into a verbal agreement with plaintiff whereby plaintiff agreed to accept, in lieu of this note, another note signed by defendant and one S. R. Franklin, as surety, but that in violation of said agreement plaintiff refused to accept the note when tendered to him. He then alleges in his cross-petition that he was earning a net profit of $10 a day in the operation of the truck and that 'because of the wrongful acts of plaintiff he was prevented from earning the sum of $1,960. He then prays for judgment against plaintiff for $1,960, from which he asked to have deducted the $580 due on the notes and an additional $380 which he offers to remit in order to bring the amount sued for within the jurisdiction of the county court.

Upon motion of plaintiff the court rendered judgment for plaintiff on the pleadings and awarded him possession of the truck "upon the grounds and for the reason that the answer and cross-petition of the defendant presents no defensive matter to the petition of the plaintiff," to reverse which this appeal is prosecuted.

The only question involved in this appeal is whether the court committed error in rendering judgment on the pleadings. Section 9502, O. S. 1931 (being section 5081, C. O. S. 1921), provides that:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

It was and is the contention of defendant in error that, inasmuch as plaintiff in error admitted the execution of the notes and mortgage, this contract in writing could not be altered except by a contract in writing or by an executed oral agreement, and the defendant's pleadings show, upon their face, that the oral agreement seeking the alteration of the contract was never executed.

It seems to us that this principle of law is so elementary that it would be a waste of time and space to cite authorities, which are numerous, supporting it.

The exact question was before this court in Summerall v. Covington Brothers Farm Loan & Investment Co., 138 Okla. 142, 280 P. 584. In that case the defendant admitted the execution and delivery of the note sued on, but pleaded, as a defense, that subsequent to the execution and delivery of the note he entered into an oral agreement with plaintiff whereby plaintiff agreed to accept automobile casing in full payment and discharge of the note; that the automobile casings were tendered and plaintiff refused to accept them. The court there, as in the instant case, rendered judgment on the pleadings, and in the body of the opinion this court used the following language:

"It is assigned as error that the court erred in rendering judgment in favor of plaintiff on the pleadings. This assignment is not well taken. The answer pleaded no defense to plaintiff's cause of action. Defendant agreed to pay the note in money, and not by the delivery of automobile casings. This agreement could not be modified by an unexecuted oral agreement, made between plaintiff's agent and defendant, that payment might be made in automobile casings. Section 5081, C. O. S. 1921; 8 C. J. 574; 22 C. J. 1076 and 1094; Knote v. Bense et al., 94 Kan. 294, 146 P. 363; Shuey v. Adair, 18 Wash. 188, 51 P. 388, 39 L. R. A. 473, 63 Am. St. Rep. 879; Welles v. Colorado Nat. Life Assurance Co., 49 Colo. 508,

618

113 P. 524; Van Fossan v. Gibbs et al., 91 Kan. 866, 139 P. 174; Daman v. De Bar, 83 Mich. 262, 47 N. W. 216."

In view of these authorities, the trial court committed no error in rendering judgment on the pleadings, and the judgment is affirmed.

McNEILL, C. J., and RILEY, GIBSON, and CORN, JJ., concur.